Harold POLAKOFF and Paul Leahy,
Plaintiffs,

v.

The DELAWARE STEEPLECHASE AND
RACE ASSOCIATION, now or former-
ly a Delaware corporation et al., De-
fendants.

Civ. A. No. 3011.

United States District Court
D. Delaware.

Dec. 28, 1966.

Cohen, Morris and Rosenthal, Wilming-
ton, Del., for plaintiffs, Irving Morris,

J. A. Rosenthal, Wilmington, Del., of counsel.

Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for all defendants except Harry W. Lunger, James M. Tunnell, Jr., Richard L. Sutton, William S. Megonigal, Jr., Wilmington, Del., of counsel.

Prickett & Prickett, Wilmington, Del., for defendant Harry W. Lunger, Richard I. G. Jones, Wilmington, Del., of counsel.

BARTELS, District Judge.*

Plaintiffs' original action was in the form of a class action, pursuant to old Rule 23(a), Fed.Rules Civ.Proc., 28 U.S.C.A., for the rescission of the sale of certain shares of stock of The Delaware Steeplechase and Race Association (Steeplechase) and also for the rescission of a subsequent Delaware short-form merger, alleging a violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b), and Rule 10b–5 of the Securities and Exchange Commission promulgated thereunder, 17 CFR § 240.10b–5. The complaint was dismissed as a true class action [1] and an amended complaint was subsequently filed setting forth a "spurious" class action consisting of two categories of stockholders, and alleging the existence of common questions of law and fact. On November 21, 1966, plaintiffs moved to dismiss the amended complaint with prejudice, without objection from the defendants, thus posing the question of whether the Court must order notice to be sent to all the former stockholders of Steeplechase.

 Old Rule 23, subdivision (c), under which the original action was instituted, provides that a class action shall not be dismissed without the approval of the Court and if the action is a "spurious" class action, that "notice shall be given only if the court requires it". There are two plaintiffs in this case, each falling within two different categories of stockholders, one who sold his shares prior to the merger of Steeplechase into Delaware Racing Association, and the other who surrendered his shares after the merger, both representing, at best, a "spurious" class. Even a "spurious" class, however, cannot be represented by the plaintiffs unless they can show that they adequately represent other members of the class whose rights present common questions of law or fact. Here there has been no such showing and moreover, the plaintiffs admitted at the hearing that they represented no one but themselves; so it cannot be truthfully said that this action is in fact a "spurious" class suit because the plaintiffs have been unable within a reasonable time to obtain others to intervene. Oppenheimer v. F. J. Young & Co., 2 Cir. 1944, 144 F.2d 387, 390. Therefore, the Court can find no reason to exercise its discretion under the old rule to require notice to other former stockholders.

Plaintiffs argue, however, that notice should be sent to all other stockholders under the theory that in most cases dismissals of purported class actions occur short of trial and the old rule would be rendered inoperative if before notice were required, proof of class action allegations were required, and further that new Rule 23(e) which makes notice mandatory when a class action is to be dismissed, represents a judicial policy to protect persons who were not before the court and if there is any doubt as to whether any notice should be sent, that doubt should be resolved in favor of notice. They also argue that if this action were viewed as one which had begun after July 1, 1966 under new Rule 23, then this Court would be obligated to determine by order whether the action should be maintained as a class action and that if it were so ordered, under the new rule notice in connection with the dismissal of such a class action would be mandatory under subdivision (e).

 These arguments seem to ignore the difference between a true

---

* Sitting by designation from the Eastern District of New York.

1. D.C., 254 F.Supp. 574.

class action and a non-class action. The requirements of notice under subdivision (c)(2) as well as under subdivision (e) of new Rule 23, depend upon more basic considerations than mere allegations that the particular suit is a class action. The pre-requisites set forth in subdivisions (a) and (b) of new Rule 23 must be satisfied before the Court directs such notice to be sent. In the present case it appears that the plaintiffs failed to comply with subdivision (a), particularly with items (3) and (4) thereof, and consequently the Court would not be required to resort to the notice procedure of subdivision (c)(2) since there is no background or showing of adequacy of representation to indicate that in reality this is a class action where the representatives can fairly and adequately protect the interests of the class. Actually the plaintiffs herein represent only themselves. Accordingly, a dismissal of the action will in no way prejudice other members of the class unless they could claim prejudice by reason of the bar of the statute of limitations since they have failed to heretofore intervene. If such a bar does exist, it is the result of their lethargy and indifference and not of the breach of any duty, moral or otherwise, on the part of the plaintiffs or the Court to awaken them from their slumber. "If this Court were to grant plaintiffs' motion, the normal consequence would be that many persons would incorrectly infer that this Court regarded the plaintiffs' complaint as *prima facie* well-founded and had required a prompt notice to all who had been victimized so that they might not by delay or inaction lose valuable rights." Cherner v. Transitron Electronic Corporation, D.Mass. 1962, 201 F.Supp. 934, 936.

Decisive, however, of the application is the fact that the new rule did not become effective until July 1, 1966, and that on February 28, 1966 the order of the Supreme Court specifically directed that the new rule should not be applicable to proceedings pending on July 1, 1966 in any case in which the Court would find such application not feasible. See,

Amendments to Rules of Civil Procedure, etc., 86 S.Ct. subdivision 2 of Order, p. 211. The Court does not find such application feasible under the circumstances of this case. Therefore, the motion to dismiss with prejudice is granted without notice to other former stockholders of Steeplechase.