Gerald ELIAS, Individually, and on behalf of all other stockholders of National Car Rental System, Inc. similarly situated, Plaintiff,

v.

NATIONAL CAR RENTAL SYSTEM, INC., et al., Defendants.

No. 4–72 Civ. 542.

United States District Court, D. Minnesota, Fourth Division.

April 24, 1973.

Cochrane & Bresnahan, by John A. Cochrane, St. Paul, Minn., Zimmer, Fishbach, Hertan & Haberman, and Louis C. Fieland, New York City, for plaintiff.

Haverstock, Gray, Plant, Mooty & Anderson, by John W. Mooty, Minneapolis, Minn., for defendants.

NEVILLE, District Judge.

The case presents a novel question. Plaintiff sues as an owner, purchaser and seller of securities in defendant cor-

poration and alleges a violation of the 1933 and 1934 Federal Securities Acts, 15 U.S.C. § 77a thru 77aa, and 78a thru 78hh as well as Rule 10b–5. He has designated it a class action, but no motion has been brought before the court for its determination in this regard.

The action originally was venued in the United States District Court for the Southern District of New York and served on or about July 6, 1972. It was subsequently transferred to this court by order of that court dated October 16, 1972. Thereafter and on January 12, 1973, plaintiff wrote his own counsel with copies to counsel for defendants as follows:

"Dear Mr. Fieland:

Please be advised that I no longer wish to prosecute the above case and you are, therefore, requested not to oppose any motion to dismiss which may be filed in behalf of the defendants."

Defendants have now brought a motion to dismiss. The fact of the letter is not disputed, but defendants request that no dismissal be granted without notice to the purported class under Rule 23 of the Federal Rules of Civil Procedure. In the court's opinion the dismissal must be granted for two reasons:

■■ *First* it is clear that plaintiff desires to withdraw as a plaintiff individually and personally. Were it not designated a class action, this would end the matter. In view of the requirements of Rule 23(a)(4) it is clear that a plaintiff who desires to withdraw personally as an individual is not one who will fairly represent and adequately protect the interests of the class. One who wishes to cease his connection with the case cannot be a true class representative. There is no one sought to be substituted for him and so the action must fail for this reason alone. Jacobs v. Paul Hardeman, Inc., 42 F.R.D. 595, 599 (S. D.N.Y.1967).

■ *Second,* the court does not perceive it has any duty to notify those whom plaintiff's counsel might claim to be class members of the proposed dismissal. Rule 23 does not require notice under these circumstances and to do so is in a sense merely soliciting a client for plaintiff's counsel under the aegis of the court. This would be improper.

The court made inquiry of counsel and has noted the statement by defendants' counsel in the brief on file and is satisfied that this is not a case where plaintiff has been "bought off" or some side settlement has been made with him. Further, it is clear that a dismissal of the case, without prejudice, is yet well within any statute of limitations if plaintiff's counsel has another plaintiff and wishes to start anew. No prejudice can result thereby and to date no other member of the proposed class has attempted to intervene nor is there any showing that any one is relying on the pendency of this present action. The various cases cited by plaintiff's counsel all, or all but one, involve situations where it is clear a settlement has been made with one plaintiff before trial or even before the final determination as to whether or not there is a proper class action. Pittston Co. v. Reeves, 263 F.2d 328 (7th Cir.1959); Rothman v. Gould, 52 F.R.D. 494 (S.D.N.Y.1971); Yaffe v. Detroit Steel Corp., 50 F.R.D. 481 (N. D.Ill.1970); Philadelphia Elec. Co. v. Anaconda American Brass Co., 42 F.R. D. 324 (E.D.Penn.1967). These are not apposite here.

See in support of this court's ruling Polakoff v. Delaware Steeplechase and Race Assn, 264 F.Supp. 915 (D.Del. 1966); 7A Wright and Miller, Federal Practice and Procedure § 1797 (1972); Laurenzano v. Texaco, Inc., 14 F.R. Serv.2d 1262 (S.D.N.Y.1971). A separate order of dismissal without prejudice has been entered.