**Aaron G. BERSE, Plaintiff,**

v.

**Myron P. BERMAN et al., Defendants.**

**No. 71 Civ. 4895.**

United States District Court,
S. D. New York.

Aug. 8, 1973.

David B. S. Cohen, Abraham M. Glickman, New York City, for plaintiff.

Feldesman & D'Atri, New York City, for defendants Saxon Industries, Inc., Standard Packaging Corp., Berman, Koss, Lurie and Feldesman by Justin W. D'Atri, New York City, of counsel.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendants Kohlberg, Springborn and Bear, Stearns & Co. by Stephen A. Weiner, New York City, of counsel.

Beekman & Bogue, New York City, for defendant Paine, Webber, Jackson & Curtis by Milton Weiss, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff shareholder brought this suit as a class action against officers and directors of Standard Packaging Corporation and Saxon Industries, Inc. (Saxon), alleging securities law violations in connection with a merger. The class plaintiff sought to represent was composed of all former shareholders of Standard Packaging Corporation (Old Standard) who exchanged their shares for shares of Saxon pursuant to the merger of Old Standard into a wholly owned subsidiary (New Standard) of Saxon. Plaintiff claimed in the first count of his complaint that he and the other members of the class had been deceived by a false proxy statement which significantly undervalued the assets of Old Standard in violation of Section 14(a) of the Securities Exchange Act of 1934 (the 1934 Act) and in the second count that the

terms and conditions of the merger also violated Section 10(b) of the 1934 Act and Sections 12(2) and 17(a) of the Securities Act of 1933.

Eleven months after the complaint was filed, plaintiff moved, pursuant to Rule 23(c), Fed.R.Civ.P., for determination that the action could be maintained as a class action. In an endorsement dated May 10, 1973, the motion was granted on condition that within 30 days the plaintiff notify the members of the class at its own expense and in addition post a bond of $25,000 to cover the costs of further notification. Almost two months later, the plaintiff and certain defendants[1] submitted a stipulation that since the plaintiff could not afford to meet the conditions set by the court, the class action allegations would be stricken from the complaint and the plaintiff would prosecute the suit in his individual capacity.

The question now is whether it is in keeping with the letter and spirit of Rule 23 for the Court to allow such a stipulation without notice to the absent class members. Plaintiff cites several cases where class actions have been dismissed without prejudice for reasons such as plaintiff's reluctance, Elias v. National Car Rental System, 59 F.R.D. 276, (D.Minn.1973), conflict of interest of plaintiff's attorney, Jarblum et al. v. Frigitemp Corp., et al. [Current Transfer Binder] CCH Fed.Sec.L.Rep.¶ 94,009 (S.D.N.Y. May 31, 1973), and failure to comply with the court's order to increase the number of named plaintiffs, Transit Casualty Co. v. Security Trust, 396 F.2d 803 (5th Cir. 1968), cert. denied, 393 U.S. 1024, 89 S.Ct. 635, 21 L. Ed.2d 568 (1969). In none of these cases, however, had there been a prior determination pursuant to Rule 23(c) that the case should be maintained as a class action. The May 10 determination of

this Court may have engendered reliance by absent class members which would constitute an added factor not present in the cases cited by the plaintiff.

■■ The chief purpose of the notice requirement is to "fairly insure the protection of absent parties who are to be bound." Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 568 (2d Cir. 1968). It has been held that this purpose would not be thwarted by allowing class action allegations to be stricken without notice to absent members, for such members may then enforce their rights independently. Jarblum v. Frigitemp, *supra*; see Eisen v. Carlisle & Jacquelin, 479 F. 2d 1005 (2d Cir. 1973). If, however, they have learned of the class suit and have decided to entrust the protection of their rights to the class representative, they might be prejudiced as a practical matter by the dismissal of the suit as a class action. Frankel, Some Preliminary Observations Concerning Civil Rule 23, 43 F.R.D. 39, 40 (1967).

The danger of such prejudice has caused at least one district judge to require newspaper notice before dismissing a class action. Rothman v. Gould, 52 F.R.D. 494 (S.D.N.Y.1971). There the plaintiff moved for a determination pursuant to Rule 23(c)(1) that the action should not proceed as a class action. As in the case at bar, the motion was made about two years after the action had been commmenced, thus posing questions of possible reliance by absent class members. But there the motion was prompted not by plaintiff's inability to bear the expense of notification, but rather by defendant's offer of a settlement which the plaintiff was eager to accept. Even though no class action determination had previously been made, Judge Frankel held that the spirit of Rule 23(e) required some sort of notice to absent class members.

---

1. The defendants, whose lawyers signed the stipulation, are Saxon Industries, Inc., Standard Packaging Corp., Myron P. Ber-

man, Philip K. Kass, Stanley Lurie, Walter Feldesman, Reynolds C. Springborn, Jerome Kohlberg and Bear, Stearns & Co.

The likelihood of prejudice can only be determined by examining carefully the circumstances of each case. The fact that (1) the plaintiff intends to prosecute the action in his individual capacity and (2) there has been no offer of settlement places this case in a different category from Rothman v. Gould, *supra*. It not only removes the case from the reach of Rule 23(e) but it also means that absent class members may continue to prosecute the action through intervention pursuant to Rule 24 even if the applicable statute of limitations has run. In fact, however, it appears that the statute has not run on at least three of plaintiff's four claims. Plaintiff has alleged violations of Sections 12(2) and 17(a) of the 1933 Act and Sections 10(b) and 14(a) of the 1934 Act. All but the first of these are governed by the New York six year statute of limitations for actions based on fraud. CPLR § 213(9) (McKinney's Consol.Laws, 1972).[2] All in all, the circumstances of this case do not present sufficient danger of prejudice to absent class members to require newspaper notice.[3] In order to counteract the effect of the May 10 determination notice in the New York Law Journal, however, the signing of the stipulation will be reported explicitly in the Law Journal as follows:

> "Pursuant to stipulation of the parties, the allegations of the complaint regarding a 'class action' under Rule 23 are stricken without prejudice to others who may seek to prosecute such an action."

So ordered.

---

2. Under Section 13 of the 1933 Act, actions to enforce Section 12(2) must be brought within one year after discovery of the untrue statement or after such discovery should have been made. 15 U.S.C. § 77m. In the absence of a federal statute of limitations applicable to the other three securities law provisions, courts have looked to the appropriate State statute of limitations. Fischman v. Raytheon Mfg. Co., 188 F.2d 783 (2d Cir. 1951); Dack v. Schanman, 227 F.Supp. 26 (S.D.N.Y.1964); Norte & Co. v. Krock [1967–1969 Transfer Binder] CCH Fed.Sec.L.Rep. ¶ 92,295 (S.D.N.Y. Oct. 31, 1968).

3. The question of who should pay for such notice is accordingly not reached, but would be a troublesome one in view of the recent ruling of the Court of Appeals in Eisen v. Carlisle & Jacquelin, *supra*, and the plaintiff's present impecunious circumstances.