Paul A. **ROTZENBURG** and Thomas J. **Foth** and all others similarly situated, Plaintiffs,

v.

The **NEENAH JOINT SCHOOL DISTRICT OF WINNEBAGO COUNTY, NEENAH, WISCONSIN,** et al., Defendants.

No. 73-C-669.

United States District Court, E. D. Wisconsin.

Sept. 12, 1974.

See also, D.C., 62 F.R.D. 340.

Quarles & Brady, by John S. Holbrook, Jr., Milwaukee, Wis., for plaintiffs.

Duane G. Philis, City Atty., Neenah, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs and the defendants have submitted a proposed stipulation and order, dismissing this action with prejudice as to the named plaintiffs, Paul A. Rotzenburg and Thomas J. Foth; the effect of the proposed order is to dismiss the class alleged in the complaint without prejudice. Counsel assert that no notice of their compromise need be sent to the alleged class members. I conclude that Rule 23(e), Federal Rules of Civil Procedure, is applicable and requires that notice of this proposed course of action be given to the class members.

It is the parties' position that Rule 23(e) notice is not required because (1) the alleged class members will not be prejudicially dismissed, and (2) no determination of class maintainability under Rule 23(c)(1), Federal Rules of Civil Procedure, has yet been made. The parties have also indicated circumstances which may render this case moot, at least as to the two named plaintiffs.

Notwithstanding these assertions, it is quite plain that a "dismissal," as that term is used in Rule 23(e), has been submitted for my approval. Furthermore, even though no class action determination has been made, it is well settled that for purposes of Rule 23(e), a class action allegation warrants the assumption that the putative class is viable. Rothman v. Gould, 52 F.R.D. 494, 496 (S.D.N.Y. 1971); Philadelphia Electric Co. v. Anaconda American Brass Co., 42 F.R.D. 324, 326 (E.D. Pa.1967).

After examining the complaint, it is my opinion that a motion under Rule 23(c)(1) is unnecessary; I believe that "enough information about the claimed class . . . could be supplied to support the formulation of an adequate notice under Rule 23(d)." Philadelphia Electric Co. v. Anaconda American Brass Co., *supra* at 328.

After the court receives the information necessary to assure adequate notice to class members, a hearing date to consider the fairness of the dismissal will be set.

Therefore, it is ordered that counsel for both parties submit to the court in writing not later than October 18, 1974, their views as to (1) who should receive notice of the proposed dismissal, (2) what method of communicating the notice should be employed, and (3) what the contents of the notice should be.