**Irenio C. BANTOLINA and Gloria B. Bantolina, Individually and on behalf of all persons similarly situated, Plaintiffs,**

v.

**ALOHA MOTORS, INC., a duly authorized corporation, and First Hawaiian Bank, a duly authorized corporation, Defendants.**

Civ. No. 75–295.

United States District Court,
D. Hawaii.

June 6, 1977.

Vernon F. L. Char, Denis C. H. Leong, Damon, Shigekane, Key & Char, Honolulu, Hawaii, for Aloha Motors, Inc.

Nicholas C. Dreher, Cades, Schutte, Fleming & Wright, Honolulu, Hawaii, for First Hawaiian Bank.

## MEMORANDUM AND ORDER

WONG, District Judge.

### I.  BACKGROUND

The Bantalinas initiated this Truth-in-Lending class action[1] on August 27, 1975 against Aloha Motors, Inc. and First Hawaiian Bank (Bank).  The plaintiffs subsequently moved for a determination of the class.  On August 26, 1976, this court issued a decision which granted the plaintiffs' motions for determination and certification of class.[2]  The class is defined as all natural persons in the State of Hawaii who, within the calendar year prior to the filing of the complaint in the instant case, purchased an automobile in a consumer credit transaction from Aloha Motors, Inc. wherein the disclosure statement provided to such persons used the standard form "Retail Installment Contract and Open End Credit Plan" and further where each contract was then assigned to the Bank.

In its August 26 decision, this court ruled that all members of the class, including the Bantolinas, must share pro-rata in any class recovery.  Since this meant that an individual class member might recover less than the minimum statutory recovery,[3] the court instructed the plaintiffs to give notice of the pro-rata sharing and that "each class member may request to be excluded from the class by a specified date and bring an individual suit should that class member so desire."  The plaintiffs have not yet given the class such notice or notice of the court's decision certifying the class.

Linda-Mei Leong, Karen M. Radius, John Harris Paer, Legal Aid Society of Hawaii, Honolulu, Hawaii, for plaintiffs.

---

[1].  15 U.S.C. § 1640(a).

[2].  The plaintiffs were to prepare the appropriate order; however, the order was not submitted and filed until May 12, 1977.  The court deems this late filing immaterial since it had issued its decision on August 26, 1976.

[3].  15 U.S.C. § 1640(a)(2).  In an individual action, the TILA prescribes a minimum statutory recovery of $100.  15 U.S.C. § 1640(a)(2)(A).  There is no minimum statutory recovery in a TILA class action.  15 U.S.C. § 1640(a)(2)(B).

The court also said in its August 26 decision that filing of the class action tolled the one year statute of limitation [4] and that "all members of the class who opt out will be allowed to file their own actions."

Since even the named plaintiffs must share pro-rata in the class recovery, the court gave the Bantolinas the option of proceeding with the class action or withdrawing their motion for certification of the class action. The Bantolinas, the only representatives of the class, have decided to withdraw their motion for certification of the class and to pursue their individual remedy under the Truth-in-Lending Act (TILA).[5] In effect, the Bantolinas have withdrawn as representatives of the class.

Plaintiffs' counsel has now moved for an order pursuant to Federal Rule of Civil Procedure 23(e) for an order requiring notification of the unnamed members of the class (1) stating that the Bantolinas have chosen to proceed individually and no longer represent the class and (2) outlining the options available to the unnamed class members. The Bank opposes the motion and seeks to delete all allegations in the complaint about a class action pursuant to Federal Rule of Civil Procedure 23(d)(4).

## II. DISCUSSION

A. *Federal Rule of Civil Procedure 23(e)*

Federal Rule of Civil Procedure 23(e) provides that a

> class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

The plaintiffs argue that Rule 23(e) requires notice to the unnamed class members. They say that the Bantolinas' decision to proceed individually is analogous to a settlement or tantamount to a dismissal.

4. 15 U.S.C. § 1640(e).

5. 15 U.S.C. §§ 1601–1681t.

■ The Bantolinas' withdrawal from the class action is not a settlement. There is no compromise of their claim; there is no out-of-court settlement. On the contrary, the Bantolinas will continue to pursue their individual claim against the defendants.

The plaintiffs say that the Bantolinas' decision is a dismissal because, if no notice is given, no one will intervene or assert the class' claim and the case eventually will be dismissed for want of prosecution.

■ The class action fails, but not for want of prosecution. In any class action, the class must be represented. Fed.R.Civ.P. 23(a), 23(a)(4). *See Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975). If there is no representative of the class, the class action cannot be maintained. Therefore, if no new representative is found, the class action must be dismissed.

This case presents a novel situation. The court granted a motion for certification of the class. But the Bantolinas have withdrawn the motion.[6] They have also withdrawn from the class, thereby leaving the class without a representative as required by Rule 23(a).

■ Where the question of notice under Rule 23(e) has been presented prior to a determination on the validity of the class action, courts have presumed the viability of the class action. For example, *Pearson v. Ecological Science Corp.,* 522 F.2d 171, 177 (5th Cir. 1975); *Burgener v. California Adult Authority,* 407 F.Supp. 555, 560 (N.D. Cal.1976) (three-judge court). Here, this court had previously determined that there is a viable class, but subsequent to that determination, the motion for certification of the class was withdrawn. It would seem equitable in this case that we assume that there was a viable class, as previously determined. But the Bantolinas' withdrawal of their motion negates the court's prior determination that the class action is viable.

6. A notice of withdrawal has not been filed with the court to date, but counsel for the Bantolinas informs the court that the Bantolinas have decided to withdraw their motion.

### 1. Class action

█ Federal Rule of Civil Procedure 23(c)(1) requires that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." The court had made that determination in this case in its August 26 decision. There has been, however, a significant change in the representation of the class. Since the Bantolinas no longer represent the class, the court must again determine whether the action is maintainable as a class action.

█ The Bantolinas' withdrawal of their motion to certify the class places the court in a pre-certification posture. Other courts have applied Rule 23(e) prior to certification of the class. For example, *Magana v. Platzer Shipyard, Inc.,* 74 F.R.D. 61 (S.D. Tex.1977); *Rotzenburg v. Neenah Joint School District of Winnebago County,* 64 F.R.D. 181 (E.D.Wis.1974); *Rothman v. Gould,* 52 F.R.D. 494 (S.D.N.Y.1971). *See Philadelphia Electric Co. v. Anaconda Brass Co.,* 42 F.R.D. 324 (E.D.Pa.1967). These courts may have presumed that a class action was proper. Here there is a major defect in the class action; there is no representative of the class. This action is therefore not maintainable as a class action. A class must exist, whether by presumption or fact, before Rule 23(e) is applicable. *Pearson,* 522 F.2d at 177; *Beaver Associates v. Cannon,* 59 F.R.D. 508, 510 (S.D.N.Y.1973); *Berger v. Purolator Products, Inc.,* 41 F.R.D. 542, 544–45 (S.D.N.Y.1966); *Polakoff v. Delaware Steeplechase and Race Association,* 264 F.Supp. 915, 917 (D.Del. 1966).[7] Notice is not required by Rule 23(e).

### 2. Dismissal

Even if we presumed that a class action was proper, Rule 23(e) speaks of settlements and dismissals. As noted *supra,* we are not faced with a settlement in this case.

But is the inability to maintain a class action a dismissal of the class action?

█ The court concludes that there is no dismissal within the meaning of Rule 23(e), although literally the court's determination that an action is not maintainable as a class action is, in effect, a "dismissal" of the class action. But Federal Rule of Civil Procedure 23(d)(4) provides that the court may order that "the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly." Thus, Rule 23(d)(4) provides a procedure to purge a complaint and action of an improper class action without "dismissing" the class action.

█ Even if a determination that an action is not maintainable as a class action is a dismissal of the class action, Rule 23(e) still is not applicable. In the instant case, the plaintiffs intend to pursue their individual claims. The class action fails because there is no representative of the class. Such a dismissal would not be voluntary.

Rule 23(e) only applies to voluntary dismissals. *Burgener,* 407 F.Supp. at 560; *Cross v. Oneida Paper Prods. Co.,* 117 F.Supp. 919 (D.N.J.1954); 3B Moore's Federal Practice ¶ 23.80[3] at 23–1507 (2d ed. 1977). *See* Wright & Miller, Federal Practice and Procedure: Civil § 1797 (1972). Rule 23(e) is therefore not applicable to the instant case.[8]

### 3. Prejudice

█ Even if Rule 23(e) could be applied to the case at bar, notice would not be required since the unnamed class members will suffer no prejudice if notice is not given.

*Berse v. Berman,* 60 F.R.D. 414 (S.D.N.Y. 1973), appears to be the case closest in facts to the instant case. In *Berse,* the court certified the class, but the named plaintiffs could not pay for the notice to the class or

---

7. *But see Miller v. Central Chinchilla Group, Inc.,* 66 F.R.D. 411, 416–17 (S.D.Iowa 1975) (Rule 23(d)(2) case).

8. Further, Rule 23(e) appears applicable only when the named plaintiff's cause of action is also settled or dismissed. That is not the case here.

post a $25,000 bond as required by the court. The parties submitted a stipulation to strike the class allegations from the complaint.

The court noted that newspaper notice had been ordered in *Rothman v. Gould, supra,* but decided that notice was not required in its case since there was no prejudice to the members of the class. The court said that the

likelihood of prejudice can only be determined by examining carefully the circumstances of each case. The fact that (1) the plaintiff intends to prosecute the action in his individual capacity and (2) there has been no offer of settlement places this case in a different category from *Rothman v. Gould, supra.* It not only removes the case from the reach of Rule 23(e) but it also means that absent class members may continue to prosecute the action through intervention pursuant to Rule 24 even if the applicable statutes of limitations has run. In fact, however, it appears that the statute has not run on at least three of plaintiff's four claims.

60 F.R.D. at 417.

The Bank argues that notice is not required by Rule 23(e) if the rights of the members of the class will not be prejudiced. The statute of limitations was tolled by the filing of the complaint in this action. Therefore, the Bank contends, there is no prejudice to any member of the class.

The plaintiffs aver that the class will suffer prejudice if notice is not provided. They contend that no other member of the class is likely to intervene individually or as a representative of the class. Thus, all the other members of the class stand to lose their claims against the defendants.

In *Pearson v. Ecological Science Corp., supra,* the court said that notice was not required "at least where the dismissal and settlement of the action do not directly affect adversely the rights of individuals not before the court." 522 F.2d at 177 (citations omitted).

In *Polakoff v. Delaware Steeplechase and Race Association, supra,* the court, in deciding that notice was not required, said that

a dismissal of [this] action will in no way prejudice other members of the class unless they could claim prejudice by reason of the bar of the statutes of limitations since they have failed to heretofore intervene.

264 F.Supp. at 917.

The claim of any member of the class is not currently barred by the statute of limitations. In its August 26 decision, this court said that the statute of limitations was tolled for all members of the class. Such a ruling is compelled by *American Pipe and Construction Co. v. Utah,* 414 U.S. 538, 552, 94 S.Ct. 756, 38 L.Ed.2d 713, *reh. denied,* 415 U.S. 952, 94 S.Ct. 1477, 39 L.Ed.2d 568 (1975). *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 176 n.13, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). The tolling of the statute of limitations eliminates the danger of prejudice to the unnamed members of the class.

█ A decision by this court that this action is not maintainable as a class action would stop the tolling of the statute of limitations. *American Pipe,* 414 U.S. at 552, 94 S.Ct. 756. Upon issuance of such a decision, the statute of limitations would begin to run again from the date of that decision. But the unnamed class members will have had the benefit of a tolling of the statute of limitations for almost two years.

The Bank also argues that there is no prejudice in this case since no other member of the class has intervened in this lawsuit or even contacted the plaintiffs or their counsel. The plaintiffs contend that the unnamed class members need not have relied upon the named plaintiffs' class action.

In *American Pipe,* the Supreme Court said that

Rule 23 is not designed to afford class action representation only to those who are active participants in or even aware of the proceedings in the suit prior to the order that the suit shall or shall not proceed as a class action. During the pendency of the District Court's determination in this regard, . . . potential class members are mere passive beneficiaries

of the action brought in their behalf. Not until the existence and limits of the class have been established and notice of membership has been sent does a class member have any duty to take note of the suit or to exercise any responsibility with respect to it in order to profit from the eventual outcome of the case.

414 U.S. at 551–52, 94 S.Ct. at 765.

Here, the court first determined that a class action was proper. But notice was not sent to the unnamed class members since the Bantolinas had the option of withdrawing their motion for certification of the class. Under *American Pipe,* the unnamed class members are "passive beneficiaries" and they have no duty to intervene or to take other affirmative action.

The issue, however, is one of prejudice, of which reliance may or may not be a factor. The purpose of Rule 23(e) is to protect the interests of the unnamed class members. *Pearson,* 522 F.2d at 176–77; *Norman v. McKee,* 431 F.2d 769, 774 (9th Cir. 1970). Notwithstanding that the unnamed class members are "passive beneficiaries," the court fails to see how the unnamed class members will be prejudiced if no notice is sent to them. The statute of limitations has been tolled for the class. Another class action could be initiated by another member of the class.

B. *Federal Rule of Civil Procedure 23(d)*

Federal Rule of Civil Procedure 23(d)(2) provides that the court may make an appropriate order

> requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action . . . ..

The plaintiffs did not argue the applicability of Rule 23(d)(2), but the court believes it could be applicable in this case.

Rule 23(c)(1) requires that the court make a determination whether a class action is proper. Rule 23(d)(4) allows the court to order amendment of the complaint to eliminate allegations as to representation of absent persons. Read together, these rules allow the court to order amendment of the pleadings to remove all class allegations if a class action is not proper. In such a case, Rule 23(d)(2) would allow notice to the unnamed class members, at the court's discretion. In fact, Rule 23(d)(2) appears applicable even where the court dismisses the class action, regardless of whether Rule 23(e) is applicable or not.

Rule 23(d)(2) appears to have greater applicability than Rule 23(e). The latter only applies where there is a settlement or voluntary dismissal of a class action and the named plaintiffs' cause of action. Rule 23(e) then requires that notice be given to the unnamed class members. Rule 23(d)(2) allows the court to give notice to the class whenever necessary to protect "the members of the class or otherwise for the fair conduct of the action."

Notice under 23(d)(2), however, is discretionary with the court. As discussed *supra,* the court does not believe that the unnamed class members will be prejudiced by the failure of the class action. They have not relied on the Bantolinas' having filed their class action (indeed, under *American Pipe* they need not rely). The statute of limitations has been tolled. Any member of the class is free to file his or her TILA lawsuit. It can be an individual action or a class action. It is even possible that they could intervene in the Bantolinas' now individual action if their motions to intervene are timely made.[9] Therefore,

---

**9.** A member of a proper class action could intervene in a class action although the statute of limitations had expired for that particular member. His intervention would relate back to the date of the filing of the original complaint. 3B Moore's Federal Practice ¶ 24.13[2] (2d ed. 1977). That would not necessarily be true of intervention in an individual suit such as the

the court feels that notice is not necessary in this case.[10]

## III. CONCLUSION

In light of the foregoing, the plaintiffs' motion for an order requiring notice to the unnamed class members is denied.

Since the Bantolinas have, in effect, withdrawn as representatives of the class and the class having no other representative, this action cannot proceed as a class action. The plaintiffs shall amend their complaint by removing all allegations as to a class action.

The tolling of the statute of limitations is lifted as of the date of this memorandum and order. For the members of the class previously determined by this court, the statute of limitations shall run from the date of the purchase of the automobile less the period of time from the filing of the complaint in this case, August 27, 1975, until the date of this memorandum and order.

SO ORDERED.

Bantolinas'. *Cf. Jack v. Travelers Insurance Co.,* 22 F.R.D. 318 (E.D.Mich.1958). A motion to intervene must be filed timely. Fed.R.Civ.P. 24(a), 24(b). A motion to intervene filed after the statute of limitations had run for the movant would not be timely.

10. Further, the court need not order that the pleadings be amended. Its ruling that a class action is improper is sufficient in and of itself to stop a class action. The court need not order amendment of the complaint or "dismissal" of the class action.