Henry WALLICAN, Juanita Boos, Lonnie Young, Betha Baskerville for themselves, their children and others similarly situated, Plaintiffs,

v.

The WATERLOO COMMUNITY SCHOOL DISTRICT IN the COUNTY OF BLACK HAWK, State of Iowa, Frank Mollenhoff, Eugene Mixdorf, Frances Mills, Norma Rehder, Douglas Pehl, Esther Kennedy, William Kammeyer, and George Diestelmeier, Defendants.

No. C 78–2025.

United States District Court, N. D. Iowa, E. D.

Dec. 5, 1978.

Nathaniel Jones, Gen. Counsel, James I. Meyerson, Asst. Gen. Counsel, N.A.A.C.P., New York City, Robert A. Wright, Naomi S. Mercer, Des Moines, Iowa, for plaintiffs.

Wallace Reed, Cedar Falls, Iowa, Charles F. Swisher, Waterloo, Iowa, for defendants.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on the parties' stipulation of dismissal. The stipulation is approved and the case is dismissed without prejudice.

■ This civil rights action, seeking injunctive and declaratory relief, was brought as a class action. FRCP 41(a)(1) provides for voluntary dismissal of an action without order of court. That rule, however, also expressly subjects the dismissal to the class-action provisions in FRCP 23(e). Because of continuances requested by the parties and the filing of a numerous series of substantive motions, the court has not yet decided the question whether the suit could be maintained as a class action under FRCP 23. The stipulation of dismissal, therefore, comes before the court at a pre-certification stage and presents the novel · question whether the voluntary dismissal requires the court's approval and notice to the putative class members, as otherwise envisioned by FRCP 23(e) in the usual class-action circumstances.

FRCP 23, in itself, sheds little light on the pre-certification issue. Rule 23's general purpose and its underlying policies, however, indicate that a Rule 41(a)(1) dismissal should be subject to court review under either subrule 23(d) or (e), even prior to certification of the class by the court. *See Magana v. Platzer Shipyard, Inc.,* 74 F.R.D. 61, 64–66 (S.D.Tex.1977). *See generally Developments in the Law—Class Actions,* 89 Harv.L.Rev. 1318, 1540–52 (1976). The court decides, therefore, that its FRCP 23 supervisory responsibilities and powers are applicable to the stipulation of dismissal filed by the parties at the pre-certification stage of this litigation.

Rule 23(e) provides for court approval of a dismissal or compromise of a class action. Requiring Rule 23(e) approval ensures that the rule's two basic aims are furthered: (1) protection of the interests of the putative class members by the court; and (2) prevention of abuse characterized by collusion between the active parties, including their counsel. Furthermore, both subrules 23(d)(1) and 23(e) provide for notice of a dismissal, or of other occurrences in the course of the proceeding, to be given class members.

■ Although notice of dismissal of any class action may usually be necessary, it is not compelled in every case. *Bantolina v. Aloha Motors, Inc.,* 75 F.R.D. 26, 31, 33 (D.Hawaii 1977); *Magana v. Platzer Shipyard, Inc., supra,* at 67–68, 70–71; *Elias v. National Car Rental Sys., Inc.,* 59 F.R.D. 276, 277 (D.Minn.1973). *See* 3B Moore's Federal Practice ¶ 23.80[2.–1] (2d ed. 1978); 7A C. Wright and A. Miller, Federal Practice and Procedure § 1797, at 234–37 (1972). Rather, the decision to require notice depends upon whether the disclosed facts surrounding the dismissal dictate class-wide disclosure in order to prevent Rule 23 abuse and protect the interests of the putative class members. *Magana, supra,* at 66, 68–70. This is especially so where the dismissal appears to result from a settlement or compromise of the specific claim or controversy that is the subject matter of the lawsuit. *See Bantolina, supra,* at 30; *Elias, supra,* at 277. The court considers this functional approach to the notice element of Rule 23 to be a sound one and applies it to this case.

■ In this action, plaintiffs seek injunctive and declaratory relief, not damages. The stipulation of dismissal does not appear to be the result of negotiation between the active parties to settle or compromise the civil-rights controversy, still existing between them, that is the subject matter of the lawsuit. Moreover, the stipulation expressly provides that each side will bear its own costs. The stipulation, therefore, does not present the court with a "settlement" in the strict or technical sense, unlike the more usual class-action cases involving voluntary

494

dismissal. Thus, no danger of collusion between the parties or of a "sell out" of the asserted class by plaintiffs appears to be present here.

Additionally, it appears that this dismissal is well within any statute of limitations period so that the plaintiffs now before the court or any putative class member may still bring suit upon the same controversy. Indeed, correspondence with the court from the plaintiffs' and defendants' attorneys indicates that this case may again find its way before the court—perhaps in a slightly different posture and seeking "broader" relief.

In conclusion, the court finds that the danger of any Rule 23 abuse is improbable and that the interests of the putative members of the asserted class will not be prejudiced or otherwise adversely affected if the court approves the stipulation of dismissal and if notice is not given.

It is therefore

ORDERED

Dismissed without prejudice and without notice.