**696**

Robert JAEN, Robert Foley and Larry Nichelson, Individually and on behalf of a class of all others similarly situated, Plaintiffs,

v.

NEW YORK TELEPHONE COMPANY, Defendant.

No. 76 Civ. 4334.

United States District Court,
S. D. New York.

Feb. 22, 1979.

O'Donnell & Schwartz, New York City, for plaintiffs; Malcolm A. Goldstein, New York City, of counsel.

George E. Ashley, New York City, for defendant; Lawrence S. Greher, New York City, of counsel.

OPINION

SWEET, District Judge.

Before the court is a petition to approve the settlement of an action initiated by a class action complaint. The action sought to redress alleged violations of the Vietnam Era Veterans' Readjustment Act of 1974, as amended, 38 U.S.C. § 2021, *et seq* (the Act). The three individuals ("plaintiffs") who filed the action had been employed by defendant New York Telephone Company ("the Company"), but had their employment interrupted by military service in the Vietnam War. The complaint alleges that when the plaintiffs resumed employment with the Company they were denied promotions to which they were entitled under the Act. Plaintiffs sought to represent members of a class allegedly consisting of all current New York City—West Plant department employees whose employment with the Company was similarly interrupted between 1968 and 1973. Plaintiffs moved for class certification but during the pendency of the motion, the settlement which is the subject of this motion was reached. The terms of the settlement include the following: each of 52 individuals within the putative class was given, in exchange for his release of all claims, a back-pay award, ranging from $36.00 to $18,720.10 and/or a promotion. All three of the would-be representative

plaintiffs received promotions, and, in addition, two of them received cash awards.[1]

The question of the procedure which a district court must follow in deciding whether to approve voluntary dismissal of an action originally filed as a class action when the original representatives of the class decide to settle before the class is certified under Fed.R.Civ.P. 23(c)(1) is the subject of a recent and thorough opinion of the Fourth Circuit. *See Shelton v. Pargo, Inc.,* 582 F.2d 1298 (4th Cir. 1978). That court concluded that "a District Court is not automatically obligated to order notice to all putative class members under the terms of [Fed.R.Civ.P.] 23(e) but should, after proper inquiry, determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members with a reasonable 'reliance' expectation of the maintenance of the action for the protection of their interests. If it determines both issues in the negative, the District Court may approve the settlement." *Id.* at 1315. *See generally Berse v. Berman,* 60 F.R.D. 414, 416 (S.D.N.Y.1973) (Duffy, J.).

After indicating that the district court " 'should focus primarily on the possibility that the pre-certification compromise is the product of collusion' "[2] the court noted that the primary factors in this regard are "the amount paid the plaintiff in purported compromise of his individual claim and the compensation to be received by plaintiff's counsel, in order to insure that . . . the parties have not compromised the class claim to the pecuniary advantage of the plaintiff and/or his attorney." In light of the reasonableness of the recovery by the three original representative plaintiffs here,[3] and because the settlement provides no attorney's fees to plaintiffs' counsel, the court concludes that no indication of collusion is present.

Regarding the question of whether the non-settling members of the abortive class have a "reliance interest" in the settlement, the *Shelton* court acknowledges that this inquiry is, at best, "speculative."[4] That court does, however, correctly note that "any reliance produced by [the filing of a class action] arises as a consequence of [purported class members] learning of the action through the news media or some other secondary source . . . Also, reliance can occur only on the part of those persons learning of the action who are sophisticated enough in the ways of the law to understand the significance of the class action allegation."[5] It is significant here that the only publicity engendered by this action consisted of an article which appeared in the Local 1101 newspaper shortly after the summons and complaint were served, and a subsequent article in the same publication which informed New York City—West Plant department employees of the impending settlement.[6]

Further, it is noted that the firm representing plaintiffs here is also counsel to the union which represents the employees of the Company. Indeed, from the complaint itself, and the previously filed motion for class certification, now withdrawn, the applicability of the grievance machinery of the collective bargaining agreement was a consideration relating to the class action status of the plaintiffs. In any case, the continuing interest of the union and its counsel in the Company's employees and their rights diminishes almost to the vanishing point the issue of reliance in practical terms.

Upon review of the articles referred to, the stipulation's requirement that another article, reporting the terms of the settlement, appear in the same publication if and when the settlement is approved, and con-

---

1.  Plaintiff Foley received $10,586.57; plaintiff Nichelson received $2,706.00. Plaintiff Jaen received no cash award.

2.  *Shelton* at 1314 (footnote omitted).

3.  *See* note 1 *supra,* and text accompanying that note.

4.  *Shelton* at 1315.

5.  *Id.* (citations omitted).

6.  Affidavit of Lawrence S. Greher, January 15, 1979, at 5.

**698**

tinuing involvement of the counsel for plaintiffs in the interests of the members of the class, this court has concluded that there remains no "reliance interest" sufficient to jeopardize the settlement.[7]

For the foregoing reasons, the motion to approve the settlement is granted, and the court has this day signed a separate order to that effect.

IT IS SO ORDERED.

---

7. The court further notes that settlement of this uncertified class action binds solely the individuals referred to therein. Absentee class members are not thereby prejudiced. *See Shelton* at 1303.