**Jay A. ZEFFIRO, Individually and on behalf of all other persons similarly situated**

v.

**FIRST PENNSYLVANIA BANKING AND TRUST COMPANY.**

**Isabella G. SMITH and Harry M. Bernard, Jr., on behalf of themselves and all others similarly situated**

v.

**FIRST PENNSYLVANIA BANK, N. A. and Capital First Corporation.**

**Civ. A. Nos. 78–3294, 78–4316.**

United States District Court, E. D. Pennsylvania.

March 13, 1979.

Richard A. Finberg, Pittsburgh, Pa., James P. Larkin, Minneapolis, Minn., Abraham C. Reich, Philadelphia, Pa., for plaintiffs.

Edward F. Mannino, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is the unopposed motion of plaintiff Isabella G. Smith ("Smith"), pursuant to Fed.R.Civ.P. 41(a), for an Order permitting her to withdraw as a class representative, dismissing her as a plaintiff without prejudice and waiving the notice requirement of Fed.R.Civ.P. 23(e). For the reasons stated below, the plaintiff Smith will be dismissed as a party and class representative without prejudice and no notice need be given to putative class members regarding the dismissal of Smith.

The relevant facts in the instant cases are as follows: On September 29, 1978, plaintiff Jay Zeffiro ("Zeffiro") filed a class action complaint against defendant First Pennsylvania Bank, N.A. ("First Pennsylvania"), alleging violations of the Trust Indenture Act of 1939, 15 U.S.C. § 77aaa *et seq.,* and pendent state law by First Pennsylvania in its capacity as indenture trustee for the issuance of debentures by Capital First Corporation ("Capital"). On December 27, 1978, Isabella G. Smith and Harry M. Bernard, Jr., filed a class action complaint against First Pennsylvania and Capital, and alleged causes of action similar to those alleged in the Zeffiro complaint.[1] On Janu-

ary 5, 1979, this Court ordered the consolidation of the Zeffiro and Smith-Bernard actions for all purposes. Pending before the Court are the plaintiffs' motions for certification as a class action, the plaintiffs requesting that the class be defined as all purchasers of Capital's 9% subordinated debentures having a due date of 1982.

Smith moves this Court to dismiss her claims and to permit her to withdraw as a class representative. In her affidavit, Smith states that her advanced age (78), her failing health, the recent death of her husband and the fact that she resides in Florida would not permit her to take an active part in the prosecution of her claims.

Rule 41(a) states, in pertinent part:

(a) *Voluntary Dismissal: Effect Thereof.*

(1) *By Plaintiff; by Stipulation.* Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . . .

An examination of the record shows that neither an answer nor a motion for summary judgment has been filed. Therefore, under Rule 41(a), an Order of Court is not needed for the voluntary dismissal of Smith's action. However, Rule 41(a), by its very terms, is subject to the requirements of Rule 23(e), which states:

(e) *Dismissal or Compromise.* A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

The Court must determine whether notice of the dismissal of Smith's claim must be given to members of the putative class.

■ Once a class action complaint has been filed, a court must treat the suit as a

---

1. Capital First Corporation has since filed a petition in bankruptcy and further proceedings in this suit against Capital are automatically stayed.

class action, for the purposes of Rule 23(e), until a motion for certification has been granted or denied. *Kahan v. Rosenstiel,* 424 F.2d 161, 169 (3d Cir. 1970); *Yaffe v. Detroit Steel Corp.,* 50 F.R.D. 481, 483 (N.D. Ill.1970); *Philadelphia Electric Co. v. Anaconda American Brass Co.,* 42 F.R.D. 324, 326 (E.D.Pa.1967).

■ Although the language of Rule 23(e) is mandatory in character, there are exceptions to the notice requirements. *See* 7A Moore's Fed.Prac. § 1797, at p. 234. One exception is when the Court finds that the dismissal of a plaintiff's claims could not result in any prejudice to the interests of absent class members. *Bantolina v. Aloha Motors, Inc.,* 75 F.R.D. 26 (D.Hawaii 1977); *Berse v. Berman,* 60 F.R.D. 414 (S.D.N.Y. 1973); *Elias v. National Car Rental System,* 59 F.R.D. 276 (D.Minn.1973); *Laurenzano v. Texaco, Inc.,* 14 Fed.R.Serv.2d 1262 (S.D.N.Y.1971); *Jarblum v. Frigitemp Corp.,* CCH Fed.Sec.L.Rep. [1973 Transfer Binder], § 94,009 (S.D.N.Y.1973).

■ In the instant case, the Court has examined the affidavit of Smith, as well as all documents of record, and finds that the dismissal of Smith as a plaintiff will not prejudice the interests of absent class members. In reaching this conclusion, the Court places special emphasis on the following factors: (1) Smith is only one of three plaintiffs, all of whom purchased substantial blocks of Capital debentures; (2) due to the substantial similarity in claims and debenture purchases by the three plaintiffs, the Court's certification or denial of certification will not be affected by the presence or absence of Smith; (3) all three plaintiffs have been competently and vigorously represented since consolidation by counsel acting jointly in their filings and briefs; (4) the Court has no reason to believe that such vigorous representation will not continue; and, (5) Smith, due to failing health and advancing age, will not be in a position to materially advance the prosecution of this suit. Accordingly, Smith will be permitted to voluntarily withdraw as a plaintiff and as a class representative, pursuant to Fed.R. Civ.P. 41(a), and the members of the putative class need not be given notice of Smith's dismissal. An appropriate Order will be entered.

