**Donald I. LAVENTHALL, Plaintiff,**

v.

**GENERAL DYNAMICS CORPORATION, Defendant.**

**No. 80–305C (5).**

United States District Court, E. D. Missouri, E. D.

Aug. 14, 1981.

John L. Davidson, Jr., Greenfield, Davidson, Voorhees & Hamlett, St. Louis, Mo., Pomerantz, Levy, Haudek & Block, New York City, for plaintiff.

John C. Shepherd, Jonathan Ries, Tyler J. Bateman, St. Louis, Mo., for defendant.

## MEMORANDUM

CAHILL, District Judge.

This matter is before the Court on plaintiff's pretrial motion.

Plaintiff brought this purported class action under Fed.R.Civ.P. 23(b)(3) on behalf of all persons who sold call options or other securities of defendant from December 6, 1978, through January 4, 1979, and were damaged as a result.

According to the complaint, defendant corporation had not declared a cash dividend on its common stock since 1971. Between December 6, 1978, and January 4, 1979, defendant's management considered issuing a cash dividend to its common stockholders. Before announcing this news, between December 6 and December 29, 1978, defendant purchased 157,500 shares of its own common stock on the open market at the average price of $79.37 per share. These shares were to be used by defendant for its Management Incentive Stock Program. On January 4, 1979, defendant declared an annual dividend of $3.00 per share on its common stock, and a stock split on its common stock on the basis of 2–½ for 1. Prior to the dividend announcement, the New York Stock Exchange, at the request of defendant, halted trading in defendant's common stock. Before the halt, defendant's common stock traded at $81.125 per share. Upon resumption of trading, the price reached $89.75 per share. Plaintiff contends that defendant was obligated to disclose the dividend information to the investing public or to abstain from trading in its securities while such information was undisclosed under section 10(b) of the Securities Exchange Act of 1934 and S. E. C. Rule 10b–5. As a result of the nondisclosure, plaintiff, the owner of ten call options

entitling him to purchase defendant's common stock until February 17, 1979, claims that members of the purported class (i. e., call option holders, common stock holders, etc.) were damaged by selling their securities for prices lower than they could have had the dividend information been revealed. Therefore, plaintiff prays on behalf of the class for damages, costs, and attorney's fees. Defendant moved to dismiss under Fed.R.Civ.P. 12(b)(6). The Court, via its order of March 31, 1981, granted the motion to dismiss as to the call option holders and denied it as to the holders of securities.

Plaintiff now moves to direct notice of the dismissal to the surviving class members under Fed.R.Civ.P. 23(d)(2) and 23(e). Those sections provide:

(d) *Orders in Conduct of Actions.* In the conduct of actions to which this rule applies, the court may make appropriate orders:

(2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that *notice* be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action;

(e) *Dismissal or Compromise.* A class action shall not be dismissed or compromised without the approval of the court, and *notice* of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs. (Emphasis supplied.)

▮ Notice of dismissal of an uncertified class action under Fed.R.Civ.P. 23(e) only applies in the case of voluntary dismissals. *Robinson v. First Nat. City Bank,* 482 F.Supp. 92, 100 (S.D.N.Y.1979); *Bantolina v. Aloha Motors, Inc.,* 75 F.R.D. 26, 31 (D.Hawaii 1977). In the instant action, there was an involuntary dismissal in that defendant moved to dismiss. *See* Fed.R. Civ.P. 41(b). Therefore, Fed.R.Civ.P. 23(e) is not applicable to this case.

▮ The Court will now direct its attention to Fed.R.Civ.P. 23(d)(2). Notice as to a precertification class action dismissal under Fed.R.Civ.P. 23(d)(2) is discretionary. *Shelton v. Pargo, Inc.,* 582 F.2d 1298, 1314 (4th Cir. 1978); *Robinson,* 482 F.Supp. at 100; *Bantolina,* 75 F.R.D. at 33. Courts require such notice where the facts of the case show that lack of notice would unduly prejudice the ability of absent class members to bring independent actions on their claims, either by limiting the right of absent class members to recover in a subsequent suit, or by encouraging continued reliance by unnamed class members on the activity of named class members on their behalf. *Shelton,* 582 F.2d at 1315; *Robinson,* 482 F.Supp. at 100; *Bantolina,* 75 F.R.D. at 33. Here, lack of notice will not unduly prejudice the ability of absent class members to bring independent actions on their claims, because precertification dismissals do not legally bind absent potential class members. *Shelton,* 582 F.2d at 1315; *Robinson,* 482 F.Supp. at 100. Furthermore, there will be little, if any, prejudice to absent purported class members since the statute of limitations has been tolled for members of the alleged stockholder classes since the filing of the complaint. *See American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1973); *Bantolina,* 75 F.R.D. at 32. Therefore, absent purported class members will not be barred from pursuing their claims in other actions.

In reference to reliance, the court in *Shelton,* 582 F.2d at 1315, stated:

[B]efore certification, the absent putative class member has at best a mere "reliance interest," the strength of which will vary with the facts of the particular case. As Professor Wheeler has pointed out, and as the Court in *Magana* [*Magana v. Platzer Shipyard, Inc.,* 74 F.R.D. 61] underscored, this "reliance interest" is at best "speculative." After all, "no notice to purported class members is required upon the filing of a class action. Therefore, any reliance produced by such a

filing arises as a consequence of such persons learning of the action through the news media or some other secondary source. The danger of reliance is thus generally limited to actions that would be considered of sufficient public interest to warrant news coverage of either the public or trade-oriented variety. Also, reliance can occur only on the part of those persons learning of the action who are sophisticated enough in the ways of the law to understand the significance of the class action allegation." Because this "reliance interest" is often thought to be so "speculative" as to warrant little or no consideration, a court should consider the relevant facts and circumstances in order to determine whether the possible reliance interest of the absent putative class members in the particular case is sufficiently realistic to make necessary class notice.

In this action, the absent class members have been given little, if any, reason to rely on the named plaintiff in that the absent purported class members did not receive individual notice and there has been minimal publicity as to the named plaintiff's action. The Court is aware of one article that appeared in the St. Louis Post-Dispatch on Sunday, August 31, 1980, which indicated that plaintiff had commenced his action on behalf of sellers of defendant's securities or call options. On the contrary, at least two articles in the same paper appeared on April 12, 1981 and May 1, 1981 indicating the dismissal. For these reasons, it appears unlikely that the absent purported class members are forbearing to act on their claims in reliance upon this lawsuit. Since lack of notice will not *unduly* prejudice the ability of absent purported class members to bring independent actions, plaintiff's motion to direct notice of dismissal to surviving class members as per Fed.R.Civ.P. 23(d)(2) and (e) is denied.

■ A trial court has broad discretion in determining whether a class action may be maintained, and its determination will not be overturned absent a showing that it abused that discretion. *Shapiro v. Midwest Rubber Reclaiming Co.,* 626 F.2d 63, 71 (8th Cir. 1980), *cert. denied,* 449 U.S. 1079, 101 S.Ct. 860, 66 L.Ed.2d 802 (1981). Based on the fact that notice to the absent class members has been denied, four months have elapsed since the Court's order of dismissal, plaintiff has not supplied the Court with evidence suggesting that a class action would still be appropriate, and plaintiff is no longer an adequate representative of the purported remaining class under Fed.R. Civ.P. 23(a)(3), the Court now denies plaintiff's motion for class certification. Accordingly, this entire action is dismissed sua sponte.