Carl M. PEARSON et al., Plaintiffs,

v.

Harry A. Skydell and Arnold Dutchen,
Plaintiffs-Appellants,

v.

ECOLOGICAL SCIENCE CORP. et al.,
Defendants-Appellees.

No. 74–2175.

United States Court of Appeals,
Fifth Circuit.

Oct. 31, 1975.

Rehearing and Rehearing En Banc
Denied Dec. 24, 1975.

Michael P. Fuchs, Stuart D. Wechsler, New York City, for Skydell.

Dermot G. Foley, New York City, for Dutchen.

James H. Schropp, David Ferber, Richard E. Nathan, Securities and Exchange Commission, Washington, D. C., for amicus curiae.

Stuart A. Summit, Gerard A. Dupuis, New York City, Miller Walton, Roy B. Gonas, Boston, Mass., Metzenbaum, Gaines, Finley & Stern, Cleveland, Ohio, Koeppel, Stark, Marks & Newmark, Miami, Fla., for Ecological.

Sidney M. Aronovitz, Paige & Catlin, H. James Catlin, Jr., Miami, Fla., for Auerbach and others.

Thomas H. Seymour, Miami, Fla., for Co-Lead Counsel.

James W. Beasley, Jr., Miami, Fla., for Fabian, Grosh & Vollbrecht.

Reginald L. Williams, Miami, Fla., Michael A. Cooper, Richard G. Lyon, New York City, for Haskins & Sells.

Aubrey V. Kendall, Miami, Fla., for Essex Fund, Inc. & Salem Fund Inc.

Russo, Dubin & Goldberg, Michael H. Goldberg, New York City, for Cantor & Carter.

Peter M. Saparoff, Gaston Snow & Ely Bartlett, Boston, Mass.; Aubrey V. Kendall, Miami, Fla., counsel for plaintiffs Essex Fund, Inc. and Salem Fund, Inc.

Before BELL, DYER and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Appellants Harry Skydell and Arnold Dutchen, two of ninety-nine original and intervening plaintiffs in sixteen consolidated actions, seek to overturn two orders enforcing a stipulation of settlement entered by the district court, and to have the settlement declared void. We affirm, finding no error in the actions or orders of the district court.

The basis of this litigation consists of sixteen actions commenced in 1971 and

1972, against Ecological Science Corporation (Ecological), and certain of its officers, directors, subsidiaries, and its accountants Haskins & Sells. Five of these actions were commenced in the Southern District of Florida, and eleven were transferred to that district pursuant to Title 28, U.S.C., Sec. 1404(a). Fifteen of the actions alleged individual and class action claims against some or all of the defendants. On March 20, 1972, the district court consolidated the sixteen actions, appointed the firms of Kelly, Black, Black & Kenny and Koeppel, Stark, Marks & Newmark as co-lead counsel (hereinafter co-lead counsel),[1] and directed that a consolidated amended complaint be filed by co-lead counsel setting forth all claims possessed by all plaintiffs in "whatever capacity". In delineating the authority of co-lead counsel to act on behalf of all plaintiffs the March 20, 1972, order provided:

> "All other pleadings, including but not limited to stipulations and the making of all opposition to any motion, shall likewise be initiated and conducted by co-lead counsel on behalf of all plaintiffs subject to consultation by them with additional counsel representing specific plaintiffs."

The March 20 consolidation order also enjoined all present and former stockholders of Ecological from instituting or prosecuting any action based on any claims alleged in the consolidated complaint except through intervention in the consolidated case.

The consolidated complaint pleaded eight separate claims on behalf of thirty-two named plaintiffs. Five of the eight claims were also asserted on behalf of the class of individuals who "purchased said [Ecological] stock during the period of November 27, 1967, to approximately May 26, 1971"; two of the other counts were asserted on behalf of differently described classes of Ecological stockholders.[2]

The district court on March 13, 1973, after oral argument and the filing of briefs by the parties, entered an order denying the plaintiffs' motion that their cause be certified as a class action. The plaintiffs appealed that order to this court, and on May 29, 1973, we granted the defendants' motion to dismiss the appeal for lack of jurisdiction. Plaintiffs then filed a petition for a writ of certiorari in the Supreme Court requesting that Court to review the jurisdiction of an appellate court to review an interlocutory denial of class action certification. The petition for certiorari did not and could not raise the merits of the district court's order denying class action status.

During the course of this interlocutory appeal extensive discovery was conducted in the district court, and that court granted motions to intervene in the consolidated action filed on behalf of sixty-seven individuals. The district court on November 16, 1973, set March 18, 1974 as the date for trial of the consolidated action. In setting the trial date the dis-

1. On February 17, 1972, the district court notified all counsel of record of a proposed order consolidating the sixteen actions, and appointing the Kelly firm and another Miami firm as co-lead counsel. Appellants, Skydell and Dutchen, through their New York counsel filed with the district court a motion supported by affidavits claiming that their interests would not be adequately protected unless their Miami counsel, the Koeppel firm, were appointed one of co-lead counsel. In its March 20, 1972, order the district court honored this request by appointing the Koeppel firm with the Kelly firm as co-lead counsel.

2. The first and primary count of the complaint alleged that the defendants had from November 1967 to May 1971, engaged in an unlawful conspiracy to manipulate and artificially inflate the price of the common stock of Ecological in violation of Section 10(b) of the Securities Exchange Act of 1934 and S.E.C. Rule 10b–5. Counts 2 through 5 pleaded claims under §§ 15 and 17(a) of the Securities Act of 1933; §§ 13(a), 14, and 20 of the Securities Exchange Act of 1934; and S.E.C. Rules 13a–1, 13a–11, and 13a–13. Count 6 asserted a common law negligence claim against Haskins & Sells, Ecological's auditors; Count 7 alleged a cause of action based on common law fraud against Ecological and two of its directors; and Count 8 alleged a derivative claim on behalf of Ecological against two of the corporation's directors and officers and two foreign affiliates of Ecological.

trict court made it clear to all parties that it intended to proceed with the trial on the scheduled trial date despite the pending petition for a writ of certiorari. At that point, and continuing for two months afterwards, co-lead counsel on behalf of the named plaintiffs and intervenors entered negotiations with defense counsel with the purpose of settling the litigation without the necessity of trial. These negotiations bore fruit on January 31, 1974, in the form of a stipulation of settlement which encompassed the claims of and was subject to ratification by the ninety-nine original and intervening plaintiffs. The stipulation of settlement dealt only with the claims of the ninety-nine named plaintiffs and did not purport to affect in any way the claims of other Ecological stockholders not involved in the litigation. Co-lead counsel wrote to each named plaintiff on February 9, 1974, setting out what in their opinion were the essential terms of the settlement, recommending approval of the settlement, and requesting that approval of the settlement be signified by each named plaintiff by signing and returning to co-lead counsel a copy of the letter.[3] On February 11, 1974, appellants, Skydell and Dutchen, both signified their ratification of the stipulation of settlement by signing and returning to co-lead counsel the copies of the letter sent to them. On February 22, 1974, co-lead counsel advised defense counsel in writing that they had been unable to contact three plaintiffs, whom they had represented both individually and as co-lead counsel throughout the litigation, and therefore had not obtained their consents. However, co-lead counsel suggested that they be permitted to accept the stipulation of settlement on behalf of these three individuals, since they knew of no reason why the three plaintiffs would deny them the authority to execute a definitive settlement agreement

on their behalf.[4] Defense counsel agreed to this procedure with the result that on February 22, 1974, the approval of the stipulation of settlement had been obtained from all the original plaintiffs and intervenors.

However, two attempts were made to prevent the consummation of the settlement and the dismissal of the litigation. First, on February 22, 1974, Thomas G. Jenny, a member of the alleged class of purchasers of Ecological stock, filed a motion to intervene in the litigation with the district court, for the stated purpose of preventing the consummation of the stipulation of settlement. Simultaneous with the filing of the intervention motion with the district court, Jenny petitioned the Supreme Court for permission to intervene in the pending petition for a writ of certiorari, which was stipulated to be voluntarily dismissed by the named plaintiffs pursuant to the terms of the settlement. In support of allowing his intervention in both actions Jenny argued that the consummation of the proposed settlement, with the resultant dismissal of both the action in the district court and the petition for certiorari in the Supreme Court, would breach fiduciary duties owed by the named plaintiffs to other class members and, in addition, would constitute a sale of the appeal rights of class members under *Young v. Higbee*, 1945, 324 U.S. 204, 65 S.Ct. 594, 89 L.Ed. 890. On March 1, 1974, the district court denied Jenny's motion to intervene on the grounds that it was not timely made and that "the stipulation of settlement in no way affects his rights". This court subsequently denied Jenny's request for an interlocutory injunction to stay the consummation of the settlement below. On April 10, 1974, Jenny filed with the Supreme Court a petition seeking an injunction to stay the proceedings in the district court and to prevent the

---

3. These letters were mailed special delivery to the individual plaintiffs and intervenors, and copies were sent by air mail to individual counsel.

4. Appellees' brief filed with this court states that the consent of the three plaintiffs was obtained by co-lead counsel subsequent to the court order enforcing the terms of the stipulation of settlement.

parties from consummating the settlement. The Supreme Court, on April 15, 1974, denied both Jenny's application for an injunction and his motion to intervene in the petition for a writ of certiorari.

The second attempt to prevent the consummation of the settlement, and the basis of this appeal, relates to the attempted revocation by Skydell and Dutchen of their ratification of the stipulation of settlement. On February 26, 1974, and February 28, 1974, Skydell and Dutchen, respectively, sent telegrams to co-lead counsel and to Chief Judge Fulton of the Southern District of Florida, in the absence of Judge Fay who handled the case below throughout, which purported to revoke their acceptances of the settlement proposal "[i]n light of advice from my attorney . . . regarding abandonment of class and my possible duties as class representative . . ." Because of these telegrams Judge Fay held a hearing on March 14, 1974, to "clarify the status of the case", and to determine the objections of Skydell and Dutchen to the settlement agreement. At that hearing it was agreed that an enforcement hearing should be held to determine whether the stipulation of settlement was enforceable. The enforcement hearing was held on March 27, 1974. At that time Skydell and Dutchen, through counsel, argued that their ratification of the stipulation of settlement was void or voidable due to the following actions and omissions on the part of co-lead counsel: (i) that the letter from co-lead counsel purporting to state the material terms of the settlement omitted and misrepresented certain material terms; (ii) that Skydell and Dutchen were misled into believing that their individual counsel were aware of and had approved the terms of the stipulation; and (iii) that co-lead counsel failed to obtain the consent of all named plaintiffs, and did not have the authority to accept the stipulation on behalf of those plaintiffs whose consent had not been secured. Skydell and Dutchen in addition argued that the named plaintiffs would breach fiduciary duties owed to members of the originally alleged classes both by dismissing the action in the district court and the petition for certiorari in the Supreme Court, and that such actions amounted to a sale of class rights, citing and relying upon *Young v. Higbee*, supra.

After hearing oral argument and receiving briefs from the parties on these points, the district court rejected these arguments, and on March 28, 1974, entered an order enforcing the terms of the stipulation of settlement. In support of the March 28 order the district court made the following findings of fact:

"1. The material terms of the stipulation of settlement were properly, fairly, and adequately communicated by co-lead counsel for plaintiffs to all plaintiffs, including plaintiffs Dutchen and Skydell, by letter dated February 9, 1974."

"2. All plaintiffs except [the three whom co-lead counsel had been unable to reach] had knowledgeably accepted and ratified the terms of the stipulation of settlement by February 22, 1974."

3. That co-lead counsel "were authorized to accept the terms of the stipulation of settlement on behalf of" the three unavailable plaintiffs, whom co-lead counsel had represented "throughout the litigation."

"4. The stipulation of settlement was binding on all plaintiffs on February 22, 1974."

On April 4, 1974, the district court ordered the dismissal of the litigation with prejudice to the named plaintiffs and intervenors, except as provided in the Settlement Agreement. Subsequently, the pending petition for a writ of certiorari was voluntarily dismissed by the parties pursuant to Rule 60(1) of the Supreme Court Rules.

■ Appellants, Skydell and Dutchen, seek to have us declare the settlement agreement unenforceable and/or void. In support of this request they first set

forth the same objections to the settlement agreement they presented at the March 27, 1974, enforcement hearing in the district court, *supra.* Initially we observe that the appellants make no argument that the settlement agreement is unfair to them or to any of the other original named plaintiffs or intervenors. See *Cia Venezolana De Navegacion v. Harris,* 5 Cir. 1967, 374 F.2d 33. Further, we are guided throughout our decision by the principle that "[s]ettlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits". *D. H. Overmyer Co. v. Loflin,* 5 Cir. 1971, 440 F.2d 1213, 1215; *W. J. Perryman & Co. v. Penn Mutual Fire Insurance Co.,* 5 Cir. 1963, 324 F.2d 791, 793.

 In considering the validity of the district court's findings of fact contained in the March 28, 1974 order, we are governed by the "clearly erroneous" standard. F.R.Civ.P. 52(a); *McAllister v. United States,* 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20. The test we apply to the findings below "is not simply whether the reviewing court would have found otherwise but whether the trial court could permissibly find as it did". *Movible Offshore, Inc. v. The M/V Wilken A. Falgout,* 5 Cir. 1973, 471 F.2d 268, 271; *Guardian Life Insurance Co. of America v. Eagle,* 5 Cir. 1973, 484 F.2d 382, 384. The record of the March 27 enforcement hearing, of the March 14 status conference, and the documents and affidavits submitted to the district court by the parties prior to and at those hearings contain ample evidence to support the lower court's findings. After carefully reviewing all of the evidence

before the district court we are not convinced that "on the whole record that the finding[s] [of the district court do] not reflect the truth and right of the case". *Wright, Federal Courts* § 96, at 432 (1970); *Glapion v. MS Journalist,* 5 Cir. 1973, 487 F.2d 1252, 1254. This is not a case requiring reversal under the "clearly erroneous" standard.[5]

Appellants contend however that the trial court erred in enforcing the stipulation of settlement because the settlement was void as a matter of law as constituting a sale of class rights by the named plaintiffs. More particularly, the appellants claim that the voluntary dismissal of the petition for a writ of certiorari, as required by the terms of the settlement, was a breach of a fiduciary duty owed by the named plaintiffs and intervenors to nonparty class members. In support of the appellants, the Securities Commission filed an *amicus curiae* brief in which it argues that the district court erred by failing to require that notice under Rule 23(e), F.R.Civ.P., be given to members of the asserted class of the proposed settlement.[6] The arguments of the appellants and the S.E.C. ignore the difference between a class action and a non-class action. They place undeserved emphasis upon mere allegations of class action status by individual plaintiffs, rather than upon a judicial determination that a cause of action does not meet the requirements of subdivisions (a) and (b) of Rule 23 and, therefore, may not be maintained as a class action.

 The special prophylactic function that subdivision (e) of Rule 23 was designed for is to "assure that any person whose rights would be affected by a

---

5. Additionally, since material facts concerning the existence of an agreement to settle were in dispute the district court followed procedure approved by this court by holding a plenary hearing to determine the enforceability of the settlement rather than summarily enforcing it. *Massachusetts Casualty Insurance Co. v. Forman,* 5 Cir. 1972, 469 F.2d 259, 260. Accord *Autera v. Robinson,* 1969, 136 U.S.App.D.C. 216, 419 F.2d 1197.

6. Subdivision (e) of Rule 23 provides:

"(e) Dismissal or Compromise. A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

dismissal or compromise has the opportunity to contest the proposed action". 7A Wright & Miller, Federal Practice & Procedure § 1797, at 234 (1972); Advisory Committee's Notes to Proposed Rules of Civil Procedure, Rule 23, 1966, 39 F.R.D. 69, 104. In order to protect the rights of absent class members during "the interim between filing and the 23(c)(1) determination by the court", other courts have required that for purposes of the notice provisions of subdivision (e) that the action be presumed proper for class action determination. *Philadelphia Electric Co. v. Anaconda American Brass*, E.D.Pa.1967, 42 F.R.D. 324, 326. See, e. g., *Katz v. Carte Blanche Corporation*, 3 Cir. 1974, 496 F.2d 747; *Kahan v. Rosentiel*, 3 Cir. 1970, 424 F.2d 161, cert. denied, 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290; *Rothman v. Gould*, S.D. N.Y.1971, 52 F.R.D. 494; *Yaffee v. Detroit Steel Corporation*, N.D.Ill.1970, 50 F.R.D. 481. Appellants and the S.E.C. ask this court to extend the judicial gloss on subdivision (e) of Rule 23 to encompass the situation where as here the trial court has determined prior to the execution of a settlement agreement that the action may not be maintained as a class action under Rule 23. This we decline to do. As stated by the Advisory Committee's Notes to Rule 23, "a *negative determination* [of class action status] means that the *action should be stripped of its character as a class action*". Advisory Committee Notes, supra, 39 F.R.D. at 104 (emphasis added). Hence, where a court has ruled under Rule 23(c)(1) that an action cannot properly be maintained as a class action the notice requirements of Rule 23(e) do not apply, at least where the dismissal and settlement of the action do not directly affect adversely the rights of individuals not before the court. *Beaver Associates v. Cannon*, S.D.N.Y.1973, 59 F.R.D. 508, 512; *Polakoff v. Delaware Steeplechase and Race Association*, D.Del.1966, 264 F.Supp. 915, 916; *Berger v. Purolator Products, Inc.*, S.D.N.Y.1966, 41 F.R.D. 542, 545.

■ Similarly lacking in merit is appellants' contention that the named original plaintiffs and intervenors breached a fiduciary duty to absent members of an alleged class in consummating the settlement agreement in exchange for the voluntary dismissal of the petition for writ of certiorari. The rule which appellants ask this court to adopt would require that in every action in which class action certification is denied by a district court, the named plaintiffs would be precluded from executing a settlement of their individual claims, and would be required to litigate through appellate review of the interlocutory order denying class action certification after a final judgment in the trial court.[7] The district court order dismissing the litigation, pursuant to the terms of the stipulation, did not prejudice the rights of individuals who were not parties to the litigation at the time of the dismissal. See *Eisen v. Carlisle & Jacquelin*, 1974, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732; *Greenfield v. Villager Industries, Inc.*, 3 Cir. 1973, 483 F.2d 824, 832. Nothing prevents other purchasers of Ecological stock from filing suit against the defendants in this litigation to recover their individual losses. In fact, three suits have been commenced, subsequent to the dismissal of this suit, alleging claims almost identical in substance to those that formed the basis of this litigation.[8]

7. In the circumstances here present, we cannot discern how the holding which appellants seek will have any effect on the alleged fiduciary duty which—under appellants' theory—has already been breached. First, the appellants fail to show any damage to them from the voluntary dismissal of the petition for certiorari. No member of the class to whom the alleged fiduciary duty was owed has joined the appellants in prosecuting this appeal, nor has any member of the alleged class commenced an action against the appellants or any other of the named plaintiffs for the alleged breach. Secondly, a finding by this court that the settlement agreement is void will not cure the alleged breach of duty of which the appellants complain, since, obviously, this court does not possess the power to order the reinstatement in the Supreme Court of the petition for a writ of certiorari.

8. *Robert C. Troup v. Peter Adolph, et al.*, S.D. N.Y., 75 Civ. 380; *Eli Frankel v. Peter Adolph*,

■ The appellants have not only failed to show any prejudice to nonparty members of the alleged class by the settlement and dismissal of this action, they have also been unable to show that any of those individuals were relying on the petition for a writ of certiorari to exonerate their rights.[9] We fail to understand how individuals could have relied on the possibility that some day a court might determine that the suit was proper for class action determination because a petition for a writ of certiorari seeking review of the jurisdiction of this court to review an interlocutory order denying class action certification might have been granted.[10] Further, since no Rule 23(c)(3) notice of the maintenance of this litigation was ever given or required to be given to nonparty members of the originally alleged class, reliance by those individuals on this action to recover their losses would be particularly misplaced. Appellants point out that the claims of nonparties may now be barred by the statute of limitations. But recent decisions by the Supreme Court indicate that, at least in certain situations, the commencement of a class action tolls the applicable statute of limitations as to all members of the class, until a determination of the propriety of maintaining the action as a class action is made by the trial court. *Eisen v. Carlisle & Jacquelin,* 1974, 417 U.S. 156, 177, n. 13, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732, 748; *American Pipe & Construction Co. v. Utah,* 1974, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713. We note further that the motion for class action certification was

denied by the district court on March 13, 1973, and the stipulation of settlement was entered into on February 22, 1974; thus, any party who failed to seek intervention in the consolidated action between those two dates can blame no one but himself if his action is now barred:

> "If such a bar does exist, it is the result of their lethargy and indifference and not the breach of any duty, moral or otherwise, on the part of the plaintiffs or the Court to awaken them from their slumber."

*Polakoff v. Delaware Steeplechase and Race Association,* D.Del.1966, 264 F.Supp. 915, 916.

■ Since on the record before us, we find that individuals who were not parties to the litigation were not directly affected by the dismissal of the petition for certiorari, the appellants' reliance on *Young v. Higbee Co.,* 1945, 324 U.S. 204, 65 S.Ct. 594, 89 L.Ed. 890, is misplaced. Essential to the Supreme Court's opinion in *Young* was the finding that the abandonment of the appeal in that case by named plaintiffs had a direct adverse effect on the "inseparable" interests of others not parties to the litigation, who were bound by the judgment of the lower court with no further opportunity to appeal. *Young,* supra, at 210–14, 65 S.Ct. at 598–99, 89 L.Ed. at 896–98. The holding in *Young* is inapposite here where the dismissal of the action as previously noted has no res judicata effect on the rights of individuals not parties to the litigation.[11]

et al., E.D.N.Y., 75 Civ. 159; *Thomas G. Jenny v. Haskins & Sells, et al.,* S.D.N.Y., 75 Civ. 1423. The latter two complaints contain class action allegations.

9. It appears that the stockholders of Ecological were apprised of the district court order denying the motion for class action certification in a proxy statement mailed to them in September, 1973, which stated:

> "The effect of the determination of the district court is that only those plaintiffs who are suing in their own names or those permitted to intervene in the action will be entitled to recover damages . . . ."

10. It appears that at the time during which the petition for a writ of certiorari which is the focus of this appeal was pending another petition was pending in the Supreme Court raising the same issue, and certiorari was subsequently denied on the latter petition. See *Lupia v. Stella d'Oro Biscuit Co.,* 42 U.S.L.W. 3156, cert. denied 1974, 417 U.S. 930, 94 S.Ct. 2639, 41 L.Ed.2d 232.

11. We think that our holding that no fiduciary duty was breached by the voluntary dismissal of the petition for certiorari is inferentially supported by the Supreme Court's denial of Jenny's motion to intervene in the petition for

The appellants' final contention is that the stipulation of settlement is invalid because it dismissed a derivative action, Count 8 of the consolidated complaint, without notice to the shareholders of Ecological as required by Rule 23.1, F.R.Civ.P.[12] In response the appellees argue that the derivative count was rendered judicially moot in other litigation, *S.E.C. v. Harold P. Koenig, et al.*, S.D.N. Y.1973, 71 Civ. 5016, and because the shareholders of Ecological voted on February 15, 1973, to release the corporation's former president, the primary defendant in the derivative count, from and against all corporate claims then known. We do not reach the question of whether the derivative count was mooted, since we find that the appellants did not raise the dismissal of the derivative claim as a grounds for invalidating the settlement agreement in the district court. Further, an action has been commenced in the Southern District of New York which contains a derivative claim identical to the one alleged in the consolidated complaint in this action, and this new action will protect the rights, if any, of the corporation. *Thomas G. Jenny v. Haskins & Sells, et al.*, S.D.N.Y., 75 Civ. 1423.

Inasmuch as we affirm the order of the district court enforcing the settlement and dismissing the action, we find it unnecessary to determine whether the district court erred in denying class action certification.

Affirmed.

certiorari, and in that Court's denial of his application for an injunction to prevent the dismissal of the action in the trial court and the consummation of the settlement agreement. The denial by the Supreme Court of Jenny's requests for relief are especially relevant to this discussion both because he is a member of the alleged class to whom the supposed fiduciary duty was owed and because he raised in his petitions in that Court the precise argument advanced by appellants on this appeal.

12. The relevant part of Rule 23.1 provides:
"The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs."