Ruby CASTON, on Behalf of Herself and all Others Similarly Situated, Plaintiff

v.

MR. T'S APPAREL, INC., and Mr. T's Apparel of Wesson, Inc., Defendants.

Civ. A. No. 3:93–CV–477BN.

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 25, 1994.

Steven Mark Wann, Maxey, Pigott, Wann & Begley, Jackson, MS, for plaintiff.

Dennis L. Horn, Horn & Payne, Jackson, MS, for defendants.

## OPINION AND ORDER

BARBOUR, Chief Judge.

On July 24, 1994, the Court ordered Plaintiff to show cause why this proposed class action should not be dismissed for failure to serve process within 120 days of the date of filing of the Complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff has submitted her Response to Order to Show Cause in which she explains that the parties to the suit have been engaged in negotiations for the past few months and have now reached a settlement. The terms of this settlement are reflected in the Joint Stipulation of Settlement attached to her Response as Exhibit B. In view of this settlement, Plaintiff has also now submitted a Mo-

tion to Proceed with Settlement Without Court Intervention.

Plaintiff's claim allegedly arose in August and September of 1990 when Defendants collected health insurance premiums from their employees. It is alleged that Defendants did not forward these premiums to the insurance carrier and that, as a result, the health insurance coverage of Plaintiff and the other employees of Defendants lapsed. In her Complaint, Plaintiff seeks either the payment of all medical benefits to which Plaintiff and the other members of her proposed class are entitled for the period in question and/or all premiums withheld through payroll deduction but which were not forwarded to the insurer.

The terms of the settlement are that all employees of Defendants during August and September of 1990 shall be notified of the suit and the settlement by (1) mailing such notice to their last known address, (2) by posting notices in prominent places at the factories of Defendants for three consecutive weeks, (3) by distributing notices to all current employees with their paychecks on two occasions and (4) by publication of a notification in a newspaper of general circulation in the vicinity of each of the factories of Defendants for three weeks prior to disbursement of any settlement funds. The purpose of such proposed notice will be to inform potential class members that they are entitled to refunds of the amounts retained by Defendants and to inform them of the procedures for collecting these refunds. The proposed notice also carries the following caveat:

> If you are one of these individuals you must come forward to claim the money owed to you. If you do not come forward to claim the monies to which you are entitled you will waive any future right to collect or bring any further action against the Defendants.

> If you are affected by this settlement please take immediate action to protect your rights by contacting the above-listed attorneys. You must do so by August 22, 1994. If you do not contact the above-listed attorneys by this date, you will waive all right to any monies distributed pursuant to this settlement.

Joint Stipulation of Settlement ¶ 4, attached as Ex. B. to Resp. to Order to Show Cause.

In her Motion to Proceed With Settlement Without Court Intervention, Plaintiff represents that Defendants agree to all the terms of the proposed settlement and also asserts that "the parties will diligently undertake to notify all members of the proposed class and provide said relief to each individual." Mot. of the Plaintiff to Proceed With Settlement Without Court Intervention ¶ 5. In view of such representations, Plaintiff asks the Court to allow settlement (and presumably dismissal) of the claims without intervention by the Court.

## DISCUSSION

The paragraphs from the proposed notification which the Court has quoted above are troubling to the Court. These paragraphs can be construed as indicating an intent to enter into a settlement agreement which will be binding on parties other than Plaintiff. However, at this point in the litigation the Court has not been asked to certify a class pursuant to Fed.R.Civ.P. 23 nor has it done so. Because "pre-certification dismissal does not legally bind absent class members," *Shelton v. Pargo, Inc.,* 582 F.2d 1298, 1314–15 (4th Cir.1978) (quoting *Magana v. Platzer Shipyard, Inc.,* 74 F.R.D. 61, 69 (S.D.Tex. 1977)); *see also Diaz v. Trust Territory of Pacific Islands,* 876 F.2d 1401, 1408 (9th Cir.1989), any suggestion that the proposed settlement could be binding upon the other employees of Defendants must fail. At the most, the proposed settlement can only be binding upon the actual parties to the settlement. Thus, the proposed settlement would only be a settlement of Plaintiff's own individual claims against Defendants. And because the terms of this particular settlement agreement make provision for other absent members of the proposed class, the position of these absent class members would be akin to that of third party beneficiaries to a contract.

■ Because this suit has been filed as a class action, dismissal of this suit, even in view of a settlement of the individual claims of the proposed class representative, is not

just a matter of taking into account the interests of the parties to the settlement agreement for by now it is well established that by asserting a representative role on behalf of a class, representative plaintiffs voluntarily accept a fiduciary obligation towards members of the putative class. *Roper v. Consurve, Inc.,* 578 F.2d 1106, 1110 (5th Cir.1978) (citing *Pearson v. Ecological Science Corp.,* 522 F.2d 171, 177 (5th Cir.1975)), *aff'd on other grounds sub nom. Deposit Guaranty Nat'l Bank v. Roper,* 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980)[1]; *Shelton,* 582 F.2d at 1305. Such a fiduciary obligation exists even where the class has not been officially certified. *Roper,* 578 F.2d at 1110. In such situations, the two dangers of which a district court must be aware are the danger that, through the mechanism of class allegations included in a complaint, a plaintiff has attempted to exact a larger sum from a defendant in settlement of her own personal claims and with prejudice to the rights of other members of the putative class and the danger that the interest of other potential class members might be harmed by virtue of their reliance upon the class representative's filing the claim as a class action. *Shelton,* 582 F.2d at 1314–15. Thus, were the Court to allow this suit to be voluntarily dismissed in view of the settlement of Plaintiff's individual claims, it would still be incumbent on the Court to be mindful of the interests of the absent members of the proposed class. *Id.* at 1305–06. "[Representative plaintiffs] may not terminate their duties by taking satisfaction.... The court itself has special responsibilities to ensure that the dismissal does not prejudice putative class members." *Roper,* 578 F.2d at 1110.

Rule 23(e) of the Federal Rules of Civil Procedure states:

A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

Fed.R.Civ.P. 23(e). "The special prophylactic function ... [of Rule 23(e) ] is to 'assure that any person whose rights would be affected by a dismissal or compromise has the opportunity to contest the proposed action.' " *Pearson v. Ecological Science Corp.,* 522 F.2d 171, 176–77 (5th Cir.1975) (quoting 7A Wright & Miller, *Federal Practice and Procedure* § 1797, at 234 (1972)), *cert. denied by Skydell v. Ecological Science Corp.,* 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976). The majority approach among the various Circuits is that the requirements of Rule 23(e) apply even to dismissal prior to class certification. *Diaz,* 876 F.2d at 1408. This approach has also been endorsed by the United States Court of Appeals for the Fifth Circuit. *Roper,* 578 F.2d at 1110.

Rather than automatically applying the notice requirement of Rule 23(e) whenever a plaintiff seeks dismissal because of the settlement of her own individual claims, both the Fourth Circuit and the Ninth Circuit have adopted a more flexible approach. As the Fourth Circuit stated in *Shelton:*

Before ... [a court may consider or approve a voluntary pre-certification settlement of an action begun as a class action] the court must, after careful hearing, determine what "claims are being compromised" between the plaintiff and defendant and whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members. If, as a result of such hearing, the court is clearly satisfied that there has been no abuse of the class action device and no prejudice to absent putative class members, it may approve the settlement and dismissal without going through with a certification determination or requiring notice to be given to absent putative class members.... [If the district court] has found neither collusion nor prejudice, it is within the discretion of the District court, under the facts of the particular case, to

---

1. Plaintiff relies upon a footnote from the *Deposit Guaranty* in support of her position that if a class has not yet been certified it is not necessary for a court to become involved in the settlement of a case. *See* 445 U.S. at 332 n. 5, 100 S.Ct. at 1171

n. 5. The Court, however, finds Plaintiff's position to be meritless since it draws an unwarranted and overly expansive negative inference from this footnote.

approve the dismissal without requiring a certification determination or a notice as mandated by 23(e).

582 F.2d at 1314. In *Diaz*, the Ninth Circuit also prescribed a similar inquiry, although it is not quite clear whether a formal hearing on the matter would be necessary. 876 F.2d at 1408–09.

 In *Roper*, the Fifth Circuit stated: We have held that prior to certification a class action cannot be dismissed merely because the representatives are satisfied, unless there is notice to the putative class of the proposed dismissal and a determination by the court that the dismissal is proper, as required by Rule 23(e), F.R.C.P.

578 F.2d at 1110. In view of this statement, it appears that the Fifth Circuit has embraced an automatic rule that notice in conformity with the requirements of 23(e) is required every time representative plaintiffs seek voluntary dismissal of the suit pursuant to settlement of their individual claims and that the Fifth Circuit would eschew either one of the more flexible approaches articulated by either *Shelton* or *Diaz*. In the opinion of the Court, approaches such as those articulated in *Shelton* or *Diaz* seem more sensible. However, the Court remains bound by Fifth Circuit precedent. Accordingly, the Court denies Plaintiff's Motion to Proceed With Settlement Without Court Intervention [4–1].

Since the parties seek to settle Plaintiff's individual claims and to dismiss the present suit pursuant to such settlement, approval by the Court as well as notice of this proposed settlement to the absent class members are both necessary. Accordingly, the parties are directed to confer and notify the Court as to a convenient time when a hearing can be held concerning the effect of the proposed settlement on the interests of the absent class members. Because the contours of the notice proposed by the parties in their settlement agreement appears reasonable to the Court, the parties are directed to comply with these terms in notifying the absent class members of the terms of the proposed settlement agreement and the date at which this hearing is to be held. After such notice is given and a hearing is held, the Court will issue its determination as to the final disposition of this suit.[2]

SO ORDERED.

---

**2.** The Court, however, reiterates that any dismissal of Plaintiff's claims at this pre-certification stage will have no res judicata effect upon the claims of the absent class members. Should the parties still seek this, then they may wish to consider certification of a settlement class. *See e.g., In re Beef Industry Antitrust Litigation*, 607 F.2d 167 (5th Cir.1979).