**Carlton Gene RINEHEART, et al.**

v.

**CIBA–GEIGY CORPORATION, et al.**

No. Civ.A. 96–517–B–M2.

United States District Court,
M.D. Louisiana.

Nov. 9, 1999.

See also, 183 F.R.D. 497.

David W. Robinson, Baton Rouge, LA, William Hugh Sibley, Greensburg, LA, Walter L. Smith, Jr., Louisiana Dept. of Justice, Criminal Division, Baton Rouge, LA, John Gregory Murphy, Fletcher, Roy & Morain, Baton Rouge, LA, Wendell H. Gauthier, Gauthier & Murphy, Metairie, LA, Calvin Clifford Fayard, Jr., Fayard & Honeycutt, Denham Springs, LA, Stephen M. Irving, Baton Rouge, LA, John Chandler Loupe, Claitor & Loupe, Baton Rouge, LA, for Carlton Gene Rineheart, Karen Ann Rineheart, Glen Edward Rineheart, Nancy Rineheart, Kirby Bethell Rineheart, and Barbara Jane Rineheart.

Henry Bernis Alsobrook, Jr., William Bernard Gaudet, Richard J. Kernion, Jr., Adams & Reese, New Orleans, LA, F. Barry Marionneaux, F. Charles Marionneaux, Marionneaux & Marionneaux, Plaquemine, LA, for Ciba–Geigy Corp., Martin Fontenot, Murry McMillan, Robert Babb, Cyril Hinds, Clean Land Air Water Corp. and Environmental Purification Advancement Corp.

William C. Ellison, William J. Hamlin, Joell M. Keller, Bordelon, Hamlin & Theriot, New Orleans, LA, Gary A. Bezet, William R. D'Armond, Leonard L. Kilgore, III, Charles S. McCowan, Jr., Bradley Charles Myers, Glenn Michael Farnet, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, for Rollins Environmental Corp., Mobil Chemical Corp., BASF Wyandotte Corp., Thompson Hayward Chemical Co., Kaiser Aluminum and Chemical Corp., Warren Oil Co. Inc., Hercules, Inc., Nalco Chemical Co., Stauffer Chemical Co., Helena Chemical Co., Marathon Oil Co., Vulcan Materials Co., Martin Marietta Corp., Dowell Inc., Matlack, Inc., R & P Trucking Inc., SHJ Inc., Hydro Chem Services Inc., Velsicol Chemical Co., Vinings Chemical Co., Vicksburg Chemical Co., Oxirane Chemical/Cango Service, Pacific Resins and Chemicals, Chemdyne Corp., Waste Systems, Inc., Conservation Services Inc., Chemform Corp., D & D Brine Services and Diamond Shamrock Corp., Georgia Pacific Corp., Gilmar Marine, Reagent Chemical & Research, Inc., Industrial Haulers, Inc., Texas Brine Corp., Cos Mar Inc., Warren Petroleum, Inc., General Electric Co. and Uniroyal, Inc.

John R. Tharp, David Mark Bienvenu, Jr., Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, for Dow Chemical Co., Monsanto Co., Alabama Electric, Albemarle Corp. and American Industrial.

Patricia E. Weeks, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, for Exxon Chemical USA.

Kenneth P. Carter, Gulf States Utilities Co., Baton Rouge, LA, Marcus V. Brown, R. O'Neal Chadwick, Jr., Susan Mueller Grehan, Entergy Services Inc., Legal Department, New Orleans, LA, Eugene George Taggart, Taggart, Morton, Ogden, Staub, Rougelot, Brocato & O'Brien, New Orleans, LA, for Louisiana Power & Light Co.

William R. Alford, Jr., Covington, LA, for MacKenzie Chemical Works of Louisiana Incorporated, United General Ins. Exchange.

Timothy J. Poche', Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, Stephen C. Carleton, Frank P. Simoneaux, Simoneaux, Ryan, Carleton, Rowe & Dunlap, LLC, Baton Rouge, LA, for Borden, Inc.

Frederick R. Campbell, Mishthi Grace Ratnesar, Keith M. Matulich, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, LA, for Good Hope Refineries Incorporated aka Transamerican Natural Gas Corp. and Transamerican Refining Corp.

Richard A. Curry, McGlinchey Stafford Lang, Baton Rouge, LA, for Gulf Interstate Engineering Co.

Charles R. Lane, New Orleans, LA, for Halliburton Comp.

James Rodney Chastain, Jr., Francis S. "Frank" Craig, III, Emile C. Rolfs, III, Breazeale, Sachse & Wilson, Baton Rouge, LA, for Browning Ferris, Inc. and March Chemical Co., Inc.

Keely Yoes Scott, Crawford & Lewis, Baton Rouge, LA, John Gerard Allelo, Baton Rouge, LA, for Chemical Weed Inc.

Gerald L. Walter, Jr., Anne Jordan Crochet, Timothy J. Poche', Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, John F. Derenbecker, Schwab & Walter, Baton Rouge, LA, for Chemwaste Inc.

James L. Weiss, Andree M. Braud, Gordon, Arata, McCollam & Duplantis, New Orleans, LA, for Dynamic Exploration Inc., Eagle River Chemical and Earth Industrial Management Inc.

Robert Glen Dawkins, Dawkins, Carter & Shadoin, Ruston, LA, for Eltex Chemical and Supply Co.

Walter B. Stuart, IV, Vinson & Elkins, Houston, TX, for GH Fluid Services Incorporated aka Gulf Coast PreMix Trucking, Hercofina, Louisiana Vacuum Service, Melamine Chemicals, Inc.

James C. Carver, Eugene R. Groves, Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, for Ohmstead of Louisiana Inc.

James Edward Blazek, Donna M. Borrello, Glen M. Pilie, Adams & Reese, New Orleans, LA, for Shell Oil Co. and Traid Chemical.

Andrew H. Meyers, Preis, Kraft, LaBorde & Daigle, Lafayette, LA, Michael Gerard Lemoine, Breaud & Lemoine, Lafayette, LA, for Weatherford Lamb Inc.

Paul S. West, McGlinchey Stafford Lang, Baton Rouge, LA, Deirdre C. McGlinchey, John T. Balhoff, II, McGlinchey Stafford, PLLC, New Orleans, LA, James M. Garner, Martha Young Curtis, Sher, Garner, Cahill, Richter, Klein, McAlister & Hilbert, LLC, New Orleans, LA, for Prudhomme Truck and Tank Service.

Arthur R. Cooper, Baton Rouge, LA, for Chemical Leaman Tank.

Stephen W. Glusman, Glusman, Moore, Arbour, Broyles & Glusman, Baton Rouge, LA, for American Hoechst Corp.

Osborne J. Dykes, III, Zack A. Clement, Eva M. Fromm, Edward C. Lewis, Fulbright & Jaworski, Houston, TX, Patrick A. Juneau, Jr., The Juneau Firm, Lafayette, LA, for McNair Transport Inc. and Malone Trucking Co.

Robert Michael Kallam, Voorhies & Labbe', APLC, Lafayette, LA, Mary M. Craven, U.S. District Court, Western District, Lake Charles, LA, James A. Lochridge, Jr., Voorhies & Labbe', Lafayette, LA, for Teledyne Industries, Inc., Martin Chemical Inc., Frazier Land Co. Inc., Truck Hauling and Rental Inc. and Reunion Transport Co.

Dwight C. Paulsen, III, Ernest L. Edwards, Jr., Nicole Duarte Martin, Lemle & Kelleher, New Orleans, LA, for Tenneco Oil Co. and Coastal Fuels Inc.

Patricia Parker Reeves, Thirty–Second Judicial District, Division A, Judge Guidry, Houma, LA, C. Berwick Duval, II, Duval,

Funderburk, Sundbery & Lovell, Houma, LA, for Bollinger Shipyards, Inc.

Eric Alan Shuman, McGlinchey Stafford, PLLC, New Orleans, LA, for Castrol North America.

Dominic Joseph Gianna, John Dennis Person, Marshall J. Simien, Jr., Middleberg, Riddle & Gianna, New Orleans, LA, for Fluor Engineers and Contractors, A Louisiana Corporation, and North American Gas Co.

## *RULING ON APPEAL*

POLOZOLA, Chief Judge.

This matter is before the Court on an appeal taken by Shell Oil Company from the Magistrate Judge's rulings which allowed and approved plaintiffs' public notice of the Court's denial of class certification.[1] To fully understand the issue before the Court, it is necessary to set forth a brief background of this action and the prior rulings of the Court.

On October 2, 1998, this Court granted the defendants' motion to deny class certification.[2] Thereafter, the plaintiffs requested that public notice of the denial of class certification be given to all putative class members. On January 25, 1999, the Magistrate Judge granted plaintiffs' motion for approval of notice.[3] The Magistrate Judge also ordered that the notice be published in the Sunday Advocate in Baton Rouge and in the local Iberville Parish newspaper for four consecutive weeks.[4] Shell Oil Company then timely appealed the decision of the Magistrate Judge.

In its appeal, Shell contends that a "blanket notice" of the denial of class certification is "not contemplated or provided for" under the Federal Rules of Civil Procedure.[5] Shell also argues that providing a public notice through newspaper publication "will only serve to generate public interest in the lawsuit and cause claims to be filed where no claims before existed."[6] Plaintiffs seek to have the Magistrate Judge's opinion affirmed.

In her the decision to approve public notice of the denial of class certification, the Magistrate Judge noted that "counsel for some of the plaintiffs have indicated to the Court that they have previously spoken with individuals to whom they represented that they did not need to file separate suits at that time, as a motion to certify a class was going to be filed."[7] The Magistrate Judge also relied upon *Roper v. Consurve, Inc.*[8] for the proposition that public notice should be given since the denial of class certification does "affect adversely the rights of individuals not before the court."[9]

Rule 23(e) of the Federal Rules of Civil Procedure provides that "a class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

In *Roper v. Consurve*, the Fifth Circuit set forth the procedure to be followed by the court with regard to notice of dismissal requirements under subdivision (e) of Rule 23:

> We have held that prior to certification a class action cannot be dismissed merely because the representatives are satisfied, unless there is notice to the putative class that the proposed dismissal is proper, as

---

1. Rec. Doc. No. 393.

2. Rec. Doc. No. 369.

3. Rec. Doc. No. 390. The notice reads, in part, as follows: "This action [denial of class certification] of the Court means that your interests as a potential class member are no longer protected. The time within which you may take action to protect your rights, if any, continues to run, and may end, unless you take timely and effective legal action on your own behalf. This is NOT A SOLICITATION. It is not a suggestion that you should take further action. You may consult any attorney of your own selection for legal advice

concerning your rights." Rec. Doc. No. 390, Exhibit A.

4. Rec. Doc. No. 389.

5. Rec. Doc. No. 393.

6. Rec. Doc. No. 393.

7. Rec. Doc. No. 389.

8. 578 F.2d 1106 (5th Cir.1978).

9. *Roper*, 578 F.2d at 1109.

required by Rule 23(e), F.R.C.P., *Pearson v. Ecological Science Corp.*, 522 F.2d 171, 177 (5th Cir.1975), cert. denied, 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762, and cases cited therein. Where, as here, there is a Rule 23(c)(1) determination that the class action is not maintainable, the notice requirements of Rule 23(e) do not apply if **"dismissal and settlement of the action** do not directly affect adversely the rights of individuals not before the court." Id.... The court itself has special responsibilities to ensure that the **dismissal** does not prejudice putative members.[10]

The Court in Roper relied upon its prior holding in *Pearson v. Ecological Science Corp.*[11] In *Pearson,* the trial court denied class certification. Thereafter, the claims were settled and the case was dismissed. The Fifth Circuit held that **no** notice of the settlement was required to be given to members of the asserted class because there had previously been a judicial determination that the case could **not** be maintained as a class action. Because there was no class, the Court found that there were no "class members" to be notified of the settlement. The following excerpt from *Pearson* is illustrative and relevant for resolution of the issue presented to this Court on the pending appeal:

> The special prophylactic function that subdivision (e) of Rule 23 was designed for is to "assure that any person whose rights would be affected by a **dismissal or compromise** has the opportunity to contest the proposed action" ... In order to protect the rights of absent class members during "the interim between filing and the 23(c)(1) determination by the court," other courts have required that for purposes of the notice provisions of subdivision (e) that the action be presumed proper for class certification ... **Appellants and the S.E.C. ask this court to extend the judicial gloss on subdivision (e) of Rule 23 to encompass the situation where as here the trial court has determined prior to the execution of a settlement agreement that the**

action may not be maintained as a class action under Rule 23. This we decline to do. As stated by the Advisory Committee's Notes to Rule 23, "a negative determination (of class action status) means that the action should be stripped of its character as a class action" ... Hence, where a court has ruled under Rule 23(c)(1) that an action cannot properly be maintained as a class action the notice requirements of Rule 23(e) do not apply, at least where the **dismissal and settlement** of the action do not directly affect adversely the rights of individuals not before the court.[12]

Both *Roper* and *Pearson* involved settlements or dismissals of actions for which class certification had previously been denied. In *Pearson,* the Fifth Circuit set forth the general rule that once the court determines that there is no class action, subdivision (e) of Rule 23 does not apply, and no notice to "the members of the class" of dismissal or settlement is required. However, the *Pearson* court was careful to note a possible narrow exception to the general rule, i.e. where the dismissal and settlement of the action directly affects adversely the rights of individuals not before the court.

In both *Roper* and *Pearson,* the Fifth Circuit was addressing when notice of a **dismissal or settlement** is required under subdivision (e) of Rule 23. In the present case, there was no dismissal or settlement. Instead, there was a ruling made by the Court which denied the plaintiffs' motion for class certification. *Pearson* specifically holds that *no notice of a dismissal or settlement to* asserted class members is required if there has been a judicial denial of class certification. Thus, under the clear procedures set forth by the Fifth Circuit in *Pearson,* there is no legal or other basis for this Court to order a public notice of the denial of class certification since no dismissal or compromise was involved.[13]

10. 578 F.2d at 1110 (emphasis provided).

11. 522 F.2d 171 (5th Cir.1975).

12. *Pearson,* 522 F.2d at 176–177 (citations omitted) (emphasis provided).

13. See also *Jones v. Caddo Parish School Board,* 735 F.2d 923, 937, n. 16 (5th Cir.1984) ([the Fifth Circuit] has held that notice to the class of denial of class certification is not necessary, citing *Pearson* ).

This Court's conclusion is also supported by the following reasons set forth in *Polakoff v. Delaware Steeplechase and Race Ass'n*[14] which held:

> These arguments seem to ignore the difference between a true class action and a non-class action. The requirements of notice under subdivision (c)(2) as well as under subdivision (e) of new Rule 23, depend upon more basic considerations than mere allegations that the particular suit is a class action. The pre-requisites set forth in subdivisions (a) and (b) of new Rule 23 must be satisfied before the Court directs such notice be sent ... Actually the plaintiffs herein represent only themselves. Accordingly, a dismissal of the action will in no way prejudice other members of the class unless they could claim prejudice by reason of the bar of the statute of limitations since they have failed to heretofore intervene. If such a bar does exist, it is the result of their lethargy and indifference and not of the breach of any duty, moral or otherwise, on the part of the plaintiffs or the Court to awaken them from their slumber. **'If this Court were to grant plaintiffs' motion, the normal consequence would be that many persons would incorrectly infer that this Court regarded the plaintiffs' complaint as prima facie well-founded and had required a prompt notice to all who had been victimized so that they might not by delay or inaction lose valuable rights.'**[15]

The reasoning of the district court in *Elias v. National Car Rental System, Inc.*[16] is also applicable in the present case. In *Elias*, the plaintiff designated the suit as a class action, but no motion was filed for the court to determine whether the case should be certified as a class action. Plaintiff subsequently informed the court that he no longer wished to prosecute the case. Defendants then moved to dismiss the action, but requested that no dismissal be granted without notice to the purported class under Rule 23. The *Elias* court found that Rule 23 does **not** require notice of the dismissal to the purported class members because "to do so is in a sense merely soliciting a client for plaintiff's counsel under the aegis of the court. This would be improper." [17]

Thus, there is no jurisprudential precedent in the Fifth Circuit or in other districts for public notice of the mere denial of class certification when dismissal or settlement is not involved.[18]

Plaintiffs in the present case argue that public notice of the denial of class certification was necessary because counsel for some of the plaintiffs had "previously spoken with individuals to whom they represented that they did not need to file separate suits as a motion to certify a class was going to be filed." This is not sufficient reason to support a deviation from clear Fifth Circuit precedent.[19] The plaintiffs have also failed to show any prejudice to potential plaintiffs. The Court notes that following the Magistrate Judge's decision which approved public notice of the Court's denial of class certification, the plaintiffs were given until October 1, 1999 "in which to bring suit on behalf of those plaintiffs that they have authority to represent at this time." [20] During the status conference held on October 15, 1999, counsel

---

14.  264 F.Supp. 915 (D.Del., 1966).

15.  *Polakoff*, 264 F.Supp. at 916–917 (citations omitted). Although this is dicta, since the "old" Rule 23 was applicable, the rationale is persuasive.

16.  59 F.R.D. 276 (D.Minn.4th Div.1973).

17.  *Elias*, 59 F.R.D. at 277. The publication of the notice approved by the Magistrate Judge could be perceived by some potential plaintiffs as a tacit suggestion by the Court that a lawsuit should be filed under the circumstances of the present case.

18.  See also *Hervey v. City of of Little Rock*, 787 F.2d 1223 (8th Cir.1986) (notice of decertification is required only to the extent necessary to reach those potential class members who received notice of certification and relied upon being included in the class; if no notice of certification was given, no notice of decertification is required).

19.  The Court is required to follow Fifth Circuit precedent unless and until the Fifth Circuit or the Supreme Court overturns the present jurisprudence.

20.  Rec. Doc. No. 428.

for the plaintiffs informed the Court that three additional lawsuits had been filed since the last conference. One suit was filed in the Fifteenth Judicial District of Louisiana, with 320 plaintiffs; a second suit was filed in the Eighteenth Judicial District Court of Louisiana against Haliburton "to protect the settlement with that defendant;" and, a third was filed in Mississippi, with two plaintiffs.[21] It appears that counsel for plaintiffs in this case have successfully communicated this Court's denial of the motion for class certification to potential plaintiffs and such plaintiffs have joined in one or more lawsuits.[22]

In summary, the notice provisions of subdivision (e) of Rule 23 are not applicable unless a dismissal or compromise is involved. In the present case, there was only a judicial determination which denied class certification. The request for public notice by the plaintiffs is in no way related to a settlement or dismissal of claims. Neither the clear language set forth in subsection (e) of Rule 23 of the Federal Rules of Civil Procedure nor the jurisprudence in the Fifth Circuit or elsewhere grants the Court the authority to mandate public notice of the denial of class certification.[23] Since the Magistrate Judge lacked the authority to order public notice of the denial of class certification, the Magistrate Judge's decisions rendered on January 20, 1999 and January 25, 1999 are hereby reversed.

Therefore,

IT IS ORDERED that the following orders issued by the Magistrate Judge are vacated: (1) Order issued January 20, 1999 (Rec.Doc. No. 389); and (2) Order issued January 25, 1999 (Rec.Doc. No. 391).

IT IS FURTHER ORDERED that the plaintiffs' ex parte motion for approval of notice (Rec.Doc. No. 375) is hereby denied as moot.

Judgment shall be rendered accordingly.

---

21. Rec. Doc. No. 434.

22. The Court notes that the denial of class certification is contained in the public record.

23. Such a notice, if ordered by the Court, could as noted earlier be misinterpreted by the public and could unfairly prejudice the defendants.