**In re: KATRINA CANAL BREACHES LITIGATION**

Gladys Chehardy; Chuck Morris; Day Morris; Spencer Falou; Heather Falou; et al., Plaintiffs–Appellants

v.

State Farm Fire & Casualty Company; Allstate Indemnity Company; Allstate Insurance Company; American Insurance Company; Lafayette Insurance Company; Liberty Mutual Fire Insurance Company; Chubb Custom Insurance Company; AAA Homeowners Auto Club Family Insurance Company; Louisiana Citizens Property Insurance Corp.; Lexington Insurance Company; Encompass Insurance Company of America; Aegis Security Insurance Company; Great Northern Insurance Company; Hanover Insurance Company; Standard Fire Insurance Company, Defendants–Appellees.

No. 09–31071.

United States Court of Appeals, Fifth Circuit.

Nov. 11, 2010.

---

885

Calvin Clifford Fayard, Jr., Esq., Senior Trial Attorney, Fayard & Honeycutt, A.P.C., Denham Springs, LA, Joseph M. Bruno, Bruno & Bruno, L.L.P., New Orleans, LA, Norval Francis Elliot, III, Esq., N. Frank Elliot III, L.L.C., Lake Charles, LA, for Plaintiffs–Appellants.

Wayne Joseph Lee, Esq., Stephen Glenn Bullock, Mary Lue Dumestre, Lauren E. Godshall, Stone, Pigman, Walther & Wittmann, L.L.C., Judy Y. Barrasso, Edward Robert Wicker, Jr., H. Minor Pipes, III, Steven W. Usdin, Barrasso, Usdin, Kupperman, Freeman & Sarver, L.L.C., Alan J. Yacoubian, Neal J. Favret, Johnson, Johnson, Barrios & Yacoubian, John W. Waters, Jr., Bienvenu, Foster, Ryan & O'Bannon, L.L.C., Robert I. Siegel, Gieger, Laborde & Laperouse, L.L.C., Maura Z. Pelleteri, Krebs, Farley & Pelleteri, P.L.L.C., Ralph S. Hubbard, III, Seth Andrew Schmeeckle, Esq., Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, New Orleans, LA, Charles Louis Chassaignac, IV, Esq., Porteous, Hainkel & Johnson, L.L.P., Emile C. Rolfs, III, Esq., Breazeale, Sachse & Wilson, L.L.P., Baton Rouge, LA, Richard L. Fenton, Steven M. Levy, Alan Scott Gilbert, Kevin Peter Kamraczewski, Sonnenschein, Nath & Rosenthal, L.L.P., Chicago, IL, Kelly C. Bogart, Lawrence J. Duplass, Duplass, Zwain, Bourgeois, Pfister & Weinstock, A.P.L.C., William J. Wegmann, Jr., Wegmann & Adams, L.L.C., Metairie, LA, Daniel Winthrop Nelson, Esq., Melanie L. Katsur, Esq., Gibson, Dunn & Crutcher, L.L.P., Washington, DC, Richard Joseph Doren, Gibson, Dunn & Crutcher, L.L.P., Los Angeles, CA, Wystan Michael Ackerman, Stephen E. Goldman, Robinson & Cole, L.L.P., Hartford, CT, for Defendants–Appellees.

Before JONES, Chief Judge, and REAVLEY and HAYNES, Circuit Judges.

PER CURIAM: *

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiffs–Appellants, who are policy holders of the various insurance company defendants, appeal following the district court's grant of a motion to strike class action allegations and subsequent dismissal of Plaintiffs' case. When the Plaintiffs declined the opportunity to refile their claims as individual actions, the district court dismissed. The claims stem from the Hurricane Katrina disaster in Louisiana. Plaintiffs sought, *inter alia,* certification of statutory penalty claims for the Defendants' alleged bad faith in adjusting their Katrina-related insurance claims. The district court held that class certification was improper because the claims required an analysis of myriad individualized, fact-specific issues. We AFFIRM.

The district court's denial of class certification is reviewed for an abuse of discretion, but we review the legal standards employed by the court de novo. *See Archdiocese of Milwaukee Supporting Fund, Inc. v. Halliburton Co.,* 597 F.3d 330, 334 (5th Cir.2010).

■ "All classes must satisfy the four baseline requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation." *Anderson v. U.S. Dep't of Housing & Urban Dev.,* 554 F.3d 525, 528 (5th Cir.2008); *see* FED. R.CIV.P. 23. In addition, a putative class must also be one of the three types of class actions listed in Rule 23(b). *See Maldonado v. Ochsner Clinic Found.,* 493 F.3d 521, 523 (5th Cir.2007). The issue in this appeal is whether the Plaintiffs' proposed class satisfied Rule 23(b)(3), which requires the court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members[.]" FED.R.CIV.P. 23(b)(3). The predominance inquiry is more demanding than the Rule 23(a) question of commonality. *O'Sullivan v. Countrywide Home Loans, Inc.,* 319 F.3d 732, 738 (5th Cir.2003). The court must assess

"how the matter will be tried on the merits, which 'entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class.'" *In re Wilborn,* 609 F.3d 748, 755 (5th Cir.2010) (citation omitted).

The Plaintiffs' underlying claims in this case are based on the Defendants' duties under state law to pay or make written offer to settle claims within thirty days after receipt of satisfactory proof of loss. *See* LA.REV.STAT. ANN. § 22:658 (now codified at LA.REV.STAT. ANN. § 22:1892). A cause of action for statutory penalties for violation of § 22:658 "requires a showing that (1) an insurer has received satisfactory proof of loss, (2) the insurer fails to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause." *La. Bag Co. v. Audubon Indem. Co.,* 999 So.2d 1104, 1112–13 (La. 2008). Penalties may not be assessed unless "the facts negate probable cause for nonpayment." *Id.* at 1114 (internal quotation marks and citation omitted). This standard requires an assessment of the reasonableness of the defendant insurer's conduct, and "when there are substantial, reasonable and legitimate questions as to the extent of an insurer's liability or an insured's loss, failure to pay within the statutory time period is not arbitrary, capricious or without probable cause." *Id.*

The district court held, and we agree, that class certification is not appropriate in this case because each Plaintiff's claim turns on the reasonableness of the Defendants' conduct in deciding whether to make payments to each individual Plaintiff. Such a determination is a fact-specific inquiry that will vary based on the individualized circumstances of each claim. Plaintiffs contend that the Defendants' bad faith

may be adjudicated on a class-wide basis because they have alleged an over-arching scheme among the Defendants with respect to adjusting Hurricane Katrina claims. But even in the face of such a scheme, individualized issues will predominate, such as the nature and extent of a class member's damage, whether and how much a class member was paid and for what type of damage, and whether any payment was sufficient and timely. There will also be issues as to whether the class member fulfilled his duty to timely notify the insurer of the claim and whether there was sufficient proof of loss. All of these individual inquiries will be part of the overall determination of whether the insurer acted arbitrarily and capriciously, and therefore defeat class certification. *See, e.g., Maldonado,* 493 F.3d at 525 (holding that class certification not appropriate where reasonableness of medical fees charged to class members depended on multiple factors).

Plaintiffs contend that the reasonableness of Defendants' actions may be determined on a class-wide basis by focusing on a minimal standard of conduct under state law rather than merely the desired conduct of the insurers. We are unpersuaded. As noted by the district court, Plaintiffs' distinction between these purported standards for reasonableness is not supported by legal authority. Moreover, the Louisiana Supreme Court has defined the necessary inquiry into reasonableness as dependent "on the facts known to the insurer at the time of its action." *La. Bag,* 999 So.2d at 1114. This inquiry will necessarily involve detailed and individualized considerations of each class members' claim. Furthermore, because the state law provides an adequate basis for consideration of the case, Plaintiffs' request for certification of the issues in this appeal to the Louisiana Supreme Court fails. *See In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 208 n. 11 (5th Cir.2007).

Plaintiffs also argue that certification is proper in order to avoid a disparity between the federal courts and the Louisiana state courts, which have permitted similar class actions. Federal class action certification is controlled by federal procedural rules, notwithstanding state law. *See Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.,* — U.S. ——, 130 S.Ct. 1431, 1437, 176 L.Ed.2d 311 (2010). Because Rule 23 governs the instant actions, and we conclude that the district court correctly applied the rule, reliance on state court decisions in support of certification is unavailing.

Finally, Plaintiffs argue that the district court erroneously denied their request to order Defendants to notify individual policyholders of the district court's decision and the existence of their individual rights. They contend that the court was empowered to order such notice by FED.R.CIV.P. 23(d)(1)(B). Even assuming that the district court had the power to issue such an order, which we do not decide, there is nothing that requires the court to order notice of the denial of class certification, and we find no abuse of discretion in the court's refusal to do so. *See, e.g., Pearson v. Ecological Science Corp.,* 522 F.2d 171, 177 (5th Cir.1975) ("[W]here a court has ruled under Rule 23(c)(1) that an action cannot properly be maintained as a class action the notice requirements of Rule 23(e) do not apply ...."); *see also Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 2153, 40 L.Ed.2d 732 (1974) ("The usual rule is that a plaintiff must initially bear the cost of notice to the class.").

AFFIRMED.